339 So.2d 670 (1976)
John LEE and Barbara Lee, Individually and As Next Friends and Parents of William Lee, a Minor, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, Appellee.
No. 76-119.
District Court of Appeal of Florida, Second District.
November 12, 1976.
Rehearing Denied December 16, 1976.
*671 John B. Cechman, of Goldberg, Rubinstein & Buckley, Ft. Myers, for appellants.
Patrick E. Geraghty, of Henderson, Franklin, Starnes & Holt, Ft. Myers, for appellee.
BOARDMAN, Judge.
Appellants/plaintiffs seek review of an adverse ruling by the trial court in a suit for declaratory judgment that they were not entitled to uninsured motorist benefits under the automobile insurance policy issued by appellee/defendant. Summary judgment was entered in favor of appellee.
Both parties having moved for a summary judgment, the pertinent facts are not in dispute. Appellee issued to appellant John Lee two automobile liability policies covering a 1970 Chevrolet and a 1974 Dodge each including uninsured motorist coverage in the amount of $50,000 each person and $100,000 per accident. On August 4, 1974 appellants' son William was injured in a one car accident while a passenger in the automobile owned and operated by his brother Steven. The accident was proximately caused by the negligence of the driver Steven. At the time of the accident Steven had liability insurance coverage of $50,000 each person and $100,000 each accident which is more than required by the Florida Financial Responsibility Act.[1] The coverage provided in Steven's policy was exhausted by payment to the estates of two other passengers in Steven's vehicle who died as a result of injuries received in the accident. Bodily injury coverage for William under Steven's policy was denied because of the household exclusion in that policy. Appellee denied uninsured motorist coverage to appellants on behalf of their son William under either of the two policies issued to appellant John Lee.
The policy issued to appellants obligated appellee insurer to
pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle... .
Although Steven carried liability insurance his policy specifically excluded coverage for William, a member of his household.[2] The question presented here is whether in these circumstances Steven is uninsured under appellants' uninsured motorist insurance.[3] An uninsured motor vehicle was defined by the policy issued to appellants as
a land motor vehicle with respect to the ownership, maintenance or use of which there is in at least the amounts specified by the financial responsibility law of the state in which the described motor vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization responsible for the use of such vehicle... .
We follow and adopt the position of the Massachusetts supreme court that this provision is ambiguous in view of the ordinary meaning of the term "applicable" and should therefore be construed in favor of *672 the insured. Whitney v. American Fidelity Co., 350 Mass. 542, 215 N.E.2d 767 (1966). The Whitney court held that an automobile was uninsured under a provision identical to the one here if there is no insurance "capable of being applied" to the insured. Absent an express statement to the contrary an insured would expect that his uninsured motorist protection would focus on whether he was covered by the negligent party's liability insurance. The insured paid an additional premium for uninsured motorist coverage and is entitled to its benefits.
The policy provided that the term uninsured motorist vehicle shall not include:
(ii) a land motor vehicle furnished for the regular use of the named insured or any resident of the same household ...
and excluded uninsured motorist protection
(b) TO BODILY INJURY TO AN INSURED WHILE OCCUPYING OR THROUGH BEING STRUCK BY A LAND MOTOR VEHICLE OWNED BY THE NAMED INSURED OR ANY RESIDENT OF THE SAME HOUSEHOLD, IF SUCH VEHICLE IS NOT AN OWNED MOTOR VEHICLE.
These exclusions are legally impermissible under the Florida uninsured motorist statute, Section 627.727, Florida Statutes. The purpose of the statute is to provide liability coverage to innocent parties, and a provision in a policy providing exceptions and/or exclusions not authorized by the statute are not enforceable. Mullis v. State Farm Mutual Automobile Ins. Co., 252 So.2d 229 (Fla. 1971); First National Ins. Co. of America v. Devine, 211 So.2d 587 (Fla.2d DCA 1968). This and other Florida courts have consistently held that restrictions on uninsured motorist coverage are against public policy and void. See, e.g., Johns v. Liberty Mutual Fire Ins. Co., 337 So.2d 830 (Fla.2d DCA) [opinion rendered September 22, 1976]; Mullis, supra; Devine, supra.
REVERSED and REMANDED with directions to vacate the summary judgment in favor of appellee.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] Appellee also issued Steven's policy covering the 1965 Dodge involved in the accident.
[2] Appellants admit that William and Steven are members of the same family and reside in the same household. Coverage under Steven's policy is not at issue here.
[3] Appellee argues that a vehicle cannot be both insured and uninsured. The Uninsured Motorist Statute indicates that an insured vehicle can be considered uninsured when the liability insurer of that vehicle

[h]as provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage. [§ 627.727(2)(b), Fla. Stat. (1975)].