344 So.2d 877 (1977)
Dawn Marie REID by Her Next Friend Margaret Henshall, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation et al., Appellees.
Nos. 76-619, 76-1532.
District Court of Appeal of Florida, Fourth District.
March 18, 1977.
*878 S. Victor Tipton, Orlando, for appellant.
James O. Driscoll, of Driscoll, Langston & Layton, Orlando, for appellee, State Farm Fire and Cas. Co.
ALDERMAN, Judge.
Dawn Marie Reid seeks review of two summary final judgments. Pleading alternatively, she sought judgment against State Farm Fire and Casualty Company for injuries received by her as a passenger in an automobile driven by her sister, owned by her father, and insured by State Farm. Separate appeals have been consolidated. The first appeal challenges a provision of the policy which excludes liability coverage for injury of a family member residing in the same household as the insured. In the second appeal, appellant contends that if there is no primary coverage by reason of the family-household exclusion, she is covered by the uninsured motorist provision of the policy. We affirm the judgment in each appeal.

FIRST APPEAL
Appellant's father obtained an automobile liability insurance policy on the family car. State Farm agreed to pay on behalf of its "insured" all sums which the insured should become legally obligated to pay as damages because of bodily injury sustained by other persons caused by accident arising out of the ownership, maintenance or use of this car. The unqualified word "insured" was defined to include any person while using the car, provided the operation and the actual use of the car were with the permission of the named insured. At the time of the accident, appellant's sister was driving their father's car with his permission. Her sister therefore qualified as an "insured" under the terms of the policy.
Appellant filed suit against her sister and State Farm alleging that she was injured as a proximate result of her sister's negligence. State Farm denied liability, relying upon a provision in the policy that the insurance does not apply to bodily injury to any insured or any member of the family of an insured residing in the same household as the insured. Appellant and her sister resided in the same household. If the exclusion is valid, it applies.
It is generally accepted, in the absence of a statutory prohibition, that provisions of automobile liability insurance policies excluding from coverage members of the insured's family or household are valid. *879 46 A.L.R.3d 1024. This is also the rule in Florida. Newman v. National Indemnity Company, 245 So.2d 118 (Fla. 3d DCA 1971); see also Zipperer v. State Farm Mutual Automobile Ins. Co., 254 F.2d 853 (5th Cir.1958). The reason for the exclusion is obvious: to protect the insurer from over friendly or collusive lawsuits between family members.
Appellant contends that Florida law does prohibit the use of the family-household exclusion in automobile liability insurance policies. The basis of her argument is the Florida Automobile Reparations Act, which became effective January 1, 1972. Specifically, she relies upon the language of Section 627.733, Florida Statutes (1975).
One of the express purposes of the Act is to require medical, surgical, funeral and disability insurance benefits to be provided without regard to fault under motor vehicle policies that provide bodily injury and property damage liability insurance. Section 627.731, Florida Statutes (1975). The policy in this case does provide for payment of the "no fault" benefits in accordance with the Act. No issue has been raised concerning the payment of these benefits.
The Act is limited in scope and is separate from the Financial Responsibility Law, Chapter 324, Florida Statutes (1975). The provision of Section 627.733, that every owner or registrant of a motor vehicle required to be registered and licensed in the state shall maintain security, must be read in context with the rest of the Florida Automobile Reparations Reform Act. In this context, the purpose of the required security is clearly to provide financial responsibility to pay any "no fault" personal injury protection benefits due under Section 627.736. Except for providing security for this "no fault" coverage, the Florida Automobile Reparations Reform Act can not reasonably be construed to require an additional or different proof of financial responsibility than is required by the Financial Responsibility Law.
Although it is certainly within the power of the Legislature to prohibit all family-household exclusions in automobile liability insurance policies, we hold that it did not do so by its enactment of the Florida Automobile Reparations Reform Act. The summary final judgment in Case No. 76-619 is affirmed.

SECOND APPEAL
Appellant contends that if she cannot recover upon the first appeal, she can recover under the uninsured motorist provision of the policy, which provides uninsured motorist coverage to her father and the members of his family residing in the same household. However, another exclusion provides that an "uninsured motor vehicle" may not be the vehicle defined in the policy as the insured motor vehicle. In other words, her father's car can not be an uninsured motor vehicle under the terms of the policy, even though, as we held in the first appeal, it is in fact uninsured as to her.
We hold that the family car in this case is not an uninsured motor vehicle. It is insured and it does not become uninsured because liability coverage may not be available to a particular individual. Taylor v. Safeco Insurance Co., 298 So.2d 202 (Fla. 1st DCA 1974); Centennial Insurance Co. v. Wallace, 330 So.2d 815 (Fla. 3d DCA 1976).
We recognize, as a general rule, that an insurer may not limit the applicability of uninsured motorist protection. Hodges v. National Union Indemnity Company, 249 So.2d 679 (Fla. 1971); Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971); Salas v. Liberty Mutual Fire Insurance Co., 272 So.2d 1 (Fla. 1972). We believe, however, that the present case is factually distinguishable from previous cases and is an exception to the general rule. Here the family car, which is defined in the policy as the insured motor vehicle, is the same vehicle which appellant, under the uninsured motorist provision of the policy, claims to be an uninsured motor vehicle. We find no merit in appellant's argument that this exclusion *880 conflicts with Section 627.727, Florida Statutes (1975).
We have considered the recent case of Lee v. State Farm Mutual Automobile Insurance Co., 339 So.2d 670 (Fla. 2d DCA 1976). That decision may be distinguished factually from the present case because the "uninsured motor vehicle" which caused the injury in Lee was not the same vehicle as the "insured motor vehicle" named in the policy. Also, in Lee the court was not dealing with a policy provision which provides that the term "uninsured motor vehicle" does not include the vehicle named in the policy as the "insured motor vehicle." However, even with these factual distinctions we recognize that there is an underlying conflict between the two cases. The court in Lee appears to say that all restrictions on uninsured motorist coverage, without exception, are against public policy and are void. On the other hand, we say that the particular restriction on uninsured motorist coverage in the present case is not against public policy and is not void. To hold otherwise in this case would completely nullify the family-household exclusion.
The summary final judgment in Case No. 76-1532 is affirmed.
LETTS, J., and CLARK, HAROLD R., Associate Judge, concur.