357 So.2d 231 (1978)
Laura M. JONES, Appellant,
v.
TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Appellee.
No. 76-2511.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
Rehearing Denied May 2, 1978.
*232 Robert V. Romani of Farish & Farish, West Palm Beach, for appellant.
Roy R. Watson II of Adams, Coogler & Watson, West Palm Beach, for appellee.
GREEN, OLIVER, Associate Judge.
We affirm.
The Appellant's minor child died in an automobile accident on August 31, 1975. Several claims arose because of this accident.
The tortfeasor's liability insurer provided coverage in the amount of $15,000.00 per person, and $30,000.00 per occurrence. The Appellant chose to settle her claim against the tortfeasor for $10,000.00, because of the other competing claims. The Appellant also was covered by uninsured motorist insurance in the amount of $15,000.00 per person, and $30,000.00 per occurrence.
The Appellant brought this suit against her uninsured motorist carrier, the appellee, contending that because her initial recovery had been diminished, she was entitled to full coverage under her uninsured motorist policy, in spite of Section 627.727 of the Florida Statutes. The Appellant and Appellee filed Motions for Summary Judgment. Summary Judgment was entered in favor of the Appellee on October 27, 1976.
Section 627.727(2)(b), Florida Statutes, provides:
"(a) For the purpose of this coverage, the term `Uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the insured person provided under his uninsured motorist coverage".
Paragraph (2)(b) of Section 627.727, Florida Statutes, is explicit in providing that uninsured coverage becomes applicable only when the uninsured policy limits exceed that which is available from the tortfeasor.
There is no provision in either of the policies associated with this case to fill this void. Such claims must be provided for by law or contractual agreement. For this court to hold otherwise is to usurp the powers of the legislature.
The decision of the trial judge granting Appellee's Motion for Summary Judgment is affirmed.
ALDERMAN, C.J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
Appellant was the mother of a child killed in an automobile accident which also resulted in the death of another and serious injuries to three others. Appellee is appellant's insurance carrier.
When appellant went to the tortfeasor's insurance company to collect for her daughter's death she found the coverage to be inadequate to compensate her for her injuries *233 because the policy provided a maximum per occurrence limit of $30,000.00 and the other injured person had claims against the $30,000.00. So, with the concurrence of appellee, appellant settled with the tortfeasor's carrier for $10,000.00.
Appellant now seeks to collect from appellee on the uninsured/underinsured motorist benefits under her policy which has $15,000.00 per person limits. She wants the entire $15,000.00 because the parties here have agreed her claim is worth at least $25,000.00. In an action for declaratory judgment the trial court determined appellant is entitled to nothing from her insurance company.
The purpose of underinsured motorist coverage is to protect persons who suffer their injuries from the tort of one who has decided to inadequately provide for those he may injure. Section 627.727(2)(b) Florida Statutes (1975). It is an extension of the older uninsured motorist coverage which is the provision for recompense of persons, by their own insurance carriers, who are injured by a tortfeasor with no insurance. As was said in State Farm v. Anderson, 332 So.2d 623 (Fla. 4 DCA 1976) I see no reason to not apply the same rules in underinsurance cases as are applied in uninsured cases. In a logical extension of that case I should say appellant is entitled to collect from her carrier all the money available under her policy to pay for the injuries. Because the amount of the damages exceeded $25,000.00 and she only collected $10,000.00 from the tortfeasor, she is entitled to the limits of her coverage, $15,000.00. See also Government Employees Insurance Company v. Graff, 327 So.2d 88 (Fla. 1 DCA 1976).
Naturally appellee wants to pay nothing and has argued that if it has to pay anything it should only have to pay $5,000.00 because appellant is only entitled to collect $15,000.00 and she has already collected $10,000.00 from the tortfeasor. The insurance contract between the parties here defines the liability of appellee to appellant. It provides $15,000.00 for appellant if the tortfeasor has no insurance and by statutory definition, Section 627.727(2)(b), Florida Statutes (1975) this also applies to underinsured vehicles. Appellee argues this underinsured motorist coverage is "not intended to be general excess insurance." It argues that appellant's coverage was identical to the tortfeasor's therefore she is not entitled to recover because the statute says she can only recover if the tortfeasor's policy limits are "less than the limits applicable to the injured person provided under (her) uninsured motorist's coverage." Section 627.727(2)(b), Florida Statutes (1975). This construction of the statute is too strict. In discussing the statute, it was said in Government Employees Insurance Company v. Graff, supra at 90, "The benefits thus provided are designed to insure the recipient against uncompensated loss attributable to the financial irresponsibility of the party at fault ..." There is no duplication of funds paid to appellant because it is agreed her damages exceed all available insurance. After all, if the tortfeasor was uninsured appellant would be entitled to collect from her policy the full $15,000.00 so what logical reason is there to not at least try to fully compensate her with the benefits provided in her insurance contract?
I would reverse.