358 So.2d 39 (1978)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Roger DIEM and Geraldine Diem, Appellees.
Nos. 77-1083, 77-1084.
District Court of Appeal of Florida, Third District.
April 4, 1978.
Rehearing Denied May 5, 1978.
*40 Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for appellant.
Fromberg, Fromberg & Roth and Jeffrey Michael Cohen, Miami, for appellees.
Before HAVERFIELD, C.J., and HENDRY and HUBBART, JJ.
HUBBART, Judge.
This is an action by two insureds for declaratory judgment relief and damages against their insurance carrier under the uninsured motorist provisions of an automobile liability insurance policy filed before the Circuit Court for the Eleventh Judicial Circuit of Florida. Partial summary judgment was rendered for the insureds and the insurance carrier takes this interlocutory appeal.
The issue presented for review centers on the maximum of uninsured motorist coverage for an insured when he is injured in a motor vehicle accident with an underinsured motorist. We hold that the maximum uninsured motorist coverage available to the insured under such circumstances is the uninsured motorist policy limits less the maximum benefits available to the insured under the automobile liability insurance policy of the underinsured motorist. Accordingly, we affirm the partial summary judgment herein.
The facts of this case were stipulated to by the parties in the trial court. On April 27, 1975, the plaintiff insured Roger Diem was driving his car at the vicinity of the intersection of N.E. 159 Street and N.E. 15 Avenue in the City of North Miami Beach, Florida. The plaintiff insured Geraldine Diem was a passenger in that car along with two other people, Edward and Margaret Melillo. At the above time and place, the Diem car was struck by another car owned and operated by Adelaide M. Dowdell. As a result thereof, all four occupants in the Diem vehicle suffered alleged injuries.
At the time of the accident, the plaintiffs had in full force and effect an automobile liability insurance policy with State Farm Mutual Automobile Insurance Co. This policy provided uninsured motorist protection with limits of $15,000 per person, and $30,000 per accident. At the time of the aforesaid accident, Adelaide M. Dowdell also had an automobile liability insurance policy with the same carrier providing liability limits of $10,000 for each person and $20,000 for each accident.
Subsequent to the aforesaid incident, the passengers in the Diem vehicle, Edward and Margaret Melillo, filed suit against Adelaide M. Dowdell and her insurance carrier, which litigation resulted in a settlement in favor of the Melillos in the amount of $16,000. As a result of the Melillo settlement, there is $4,000 of available liability coverage under the Dowdell insurance policy. It is agreed by the parties that the Dowdell car was as a matter of law an underinsured vehicle and therefore an uninsured vehicle under Section 627.727, Florida Statutes (1975).
Subsequent to the Melillo settlement, a controversy arose between the plaintiffs and State Farm as to the maximum amount of uninsured motorist coverage available to the plaintiffs under the policy of insurance. Suit was accordingly filed by the plaintiffs for declaratory relief and damages against the defendant State Farm. Both parties moved for a summary judgment based on the above stipulated set of facts. The trial court entered a partial summary judgment in favor of the plaintiffs Roger and Geraldine Diem in which it concluded that the maximum amount of uninsured motorist coverage in the cause was the maximum uninsured motorist policy limits of $15,000 per person and $30,000 per accident less the benefits actually available to the plaintiffs under the automobile liability insurance *41 coverage of the underinsured Melillo car, to wit: $4,000. The court reserved jurisdiction in the cause to determine the actual damages sustained by the plaintiff. This interlocutory appeal follows.
Section 627.727, Florida Statutes (1975) states the applicable statutory law on uninsured motorist insurance coverage as follows:
"(1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in not less than the limits of the liability insurance purchased by the named insured for bodily injury, however, the named insured may select such lower limits as complies with the company's rating plan, under provisions filed with and approved by the department, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage; ... The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured ... under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident... .
(2) For the purpose of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:

* * * * * *
(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage." [Emphasis added]
The statute as applied to the instant case means exactly what it says. Uninsured (which also means underinsured) motorist coverage "shall be excess over but shall not duplicate benefits available to an insured ... under any automobile liability ... coverages ... from the owner or operator of the uninsured motorist vehicle ..." § 627.727(1), Fla. Stat. (1975). It has been stipulated to in the instant case that the benefits available under the underinsured's liability policy herein is the maximum amount of liability coverage ($20,000) less that which was paid out in settlement on the Melillos' claims ($16,000) or $4,000 total available benefits. Contrary to State Farm's position herein, available benefits under the statute does not constitute the policy limits of the underinsured's liability policy where, as here, the benefits under such policy have been partially exhausted by payment of claims to persons other than the insured. Lee v. State Farm Mutual Automobile Insurance Co., 339 So.2d 670 (Fla.2d DCA 1976). Available benefits must mean that which is actually available to the insured herein from the underinsured's liability carrier.
The trial court properly held that the plaintiffs herein were entitled as maximum coverage to the excess over the benefits actually available to them under the underinsured's liability policy, to wit: $4,000 up to the policy limits under the State Farm uninsured motorist coverage, to wit: $15,000 per person and $30,000 per accident. To hold otherwise, is to do violence to the plain language of the uninsured motorist statute as well as its avowed purpose which is to protect persons who are injured or damaged by motorists who cannot make whole the insured, as opposed to protecting the insurance carrier or the uninsured (underinsured) motorist. Brown v. Progressive Mutual Insurance Co., 249 So.2d 429, 430 (Fla. 1971).
Affirmed.