PER CURIAM.
The question to be determined on this appeal calls for a construction of Section 627.727, Florida Statutes (1973). The portion of the statute of which the meaning is controverted is:
“(3) . . . [T]he term ‘uninsured motor vehicle’ shall ... be deemed to include an insured motor vehicle when the liability insurer thereof:”
* * * * * *
“(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist’s coverage.”
The appellant, Ramon Del Toro, was one of fifteen persons injured in an automobile accident on SR-5, approximately ten miles north of Key Largo, Florida. The tort-feasor responsible for the accident was Thomas Lee Sheridan^ who had a policy of automobile liability insurance purchased from Reserve Insurance Company for a total of $20,000 as policy limits per incident. Reserve Insurance Company filed an inter-pleader lawsuit joining all of the fifteen injured persons in case number 74-29760, in the Circuit Court of Dade County, Florida. Reserve Insurance Company placed its full fund of $20,000 into the Registry of the Court to have the various injured persons awarded their proportion of the damages. The circuit court entered a final judgment awarding the appellant herein 2.11 percent of the total proceeds, or $449.00 as compensation for his injuries as a result of the accident.
At the time of the accident, appellee Allstate Insurance Company had in full force and effect a policy of automobile liability insurance issued to the appellant, which provided the appellant with uninsured motorist benefits and underinsured motorist benefits in the amount of $20,000 per incident. The appellant made a demand of Allstate under the underinsured motorist coverage provisions of the policy for benefits due and owing to him as a result of the accident. Allstate refused to acknowledge coverage. On September 22, 1976, the appellant filed a complaint against Allstate to obtain underinsured motorist coverage.
On October 12, 1976, Allstate filed an answer to the complaint admitting that its automobile liability insurance policy issued to the appellant provided the appellant with uninsured motorist coverage, but denying that coverage existed for the accident in question.
On April 1, 1977, Allstate filed its motion for summary judgment and, in support thereof, contended that it owed no underin-sured motorist coverage to the appellant because the appellant’s injuries were not caused by the acts of an uninsured or un-derinsured motorist.
Appellant’s position is that Section 627.-727, Florida Statutes (1973), expressly provides that uninsured motor vehicle coverage shall be afforded when the third party tort-feasor’s coverage is less than the limits applicable to the injured person under his own uninsured motorist coverage. By the circuit court’s order of April 30, 1976, wherein *434 it was decreed that the appellant should receive 2.11 percent of the total proceeds of the third party tortfeasor’s coverage, the appellant was declared to have less than the limits of coverage applicable to him and/or available to him under his own uninsured motorist vehicle coverage. Appellant relies upon the holding in Lee v. State Farm Mutual Automobile Insurance Company, 339 So.2d 670 (Fla. 2d DCA 1976), for support for his position.
Allstate’s position is that the appellant was insured under an uninsured motorist endorsement that did not provide uninsured motorist liability limits greater than the liability limits carried by the tortfeasor. It is urged that appellant is, therefore, not entitled to coverage.
This court has recently held in State Farm Mutual Automobile Insurance Company v. Roger Diem, 358 So.2d 39 (Fla. 3d DCA 1978), construing the same statute that available benefits under the statute does not constitute the policy limits of the underinsured’s liability policy where, as here, the benefits under such policy have been practically exhausted by the payment of claims to persons other than the insured.
Accordingly, the judgment appealed is reversed and the cause remanded for further proceedings in accordance with the holding in State Farm Mutual Automobile Insurance Company v. Roger Diem, supra.
Reversed and remanded.