368 So.2d 1289 (1979)
Laura M. JONES, Petitioner,
v.
TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Respondent.
No. 54269.
Supreme Court of Florida.
March 8, 1979.
*1290 Robert V. Romani of Farish & Farish, West Palm Beach, for petitioner.
Edna L. Caruso, and Roy R. Watson, II, of Adams, Coogler, Watson & Smith, West Palm Beach, for respondent.
SUNDBERG, Justice.
By petition for writ of certiorari, petitioner seeks review of a decision of the District Court of Appeal, Fourth District, reported at 357 So.2d 231 (Fla. 4th DCA 1978), which is in conflict with State Farm Mutual Automobile Insurance Co. v. Diem, 358 So.2d 39 (Fla. 3d DCA 1978).[1] The issue here centers on the extent of uninsured motorist coverage for an insured when the policy limits of the uninsured motorist provisions of a policy equal the limits of the tort-feasor's liability policy but the insured settles for less than the tort-feasor's stated liability limits. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Petitioner's minor child died in an automobile accident on August 31, 1975. The tort-feasor's liability insurer provided coverage in the amount of $15,000 per person and $30,000 per occurrence. Petitioner settled her claim against the tort-feasor for $10,000 because of other competing claims. Petitioner also was covered by uninsured motorist insurance in the amount of $15,000 per person and $30,000 per occurrence.
Petitioner brought an action for declaratory relief against respondent/carrier for the $5,000 difference between what she collected from the tort-feasor and the limits of her uninsured motorist policy. In the alternative she sought the entire $15,000 uninsured motorist benefits because respondent had agreed that petitioner's damages exceeded $25,000. The District Court of Appeal, Fourth District, affirmed the grant of summary judgment to respondent, holding that uninsured motorist coverage becomes applicable only when the uninsured policy limits exceed the policy limits of the tort-feasor.
In Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978), we had occasion to construe section 627.727(1), Florida Statutes (1975), which reads in pertinent part that uninsured motorist coverage
shall be excess over but shall not duplicate the benefits available to an insured under any workmen's compensation law, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident.
363 So.2d at 1080 (emphasis supplied).
We held that where the benefits under the tort-feasor's policy have been partially exhausted by payment of claims to persons other than the insured, then the insured is entitled to "excess over" the amount received from the tort-feasor's carrier up to the limits of the claim or the policy, whichever is less. This is so because the "excess over" is to be measured by the amount of the tort-feasor's coverage which is "available" to the insured. The holding applies equally to this case, where the insured settled for less than the maximum coverage under the tort-feasor's liability policy. Consequently, petitioner is entitled to the $5,000 difference between the amount of the settlement (i.e., the amount of the tort-feasor's liability coverage which was available to the insured) and the limits of her uninsured motorist coverage.
Accordingly, the petition for writ of certiorari is granted, the decision of the District Court of Appeal, Fourth District, is *1291 quashed, and the cause is remanded to the district court with directions to remand to the circuit court for proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and HATCHETT, JJ., concur.
NOTES
[1] In Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978), we noted the conflict between Diem and Jones v. Travelers Indemnity Co. of Rhode Island, 357 So.2d 231 (Fla. 4th DCA 1978), and disapproved the holding in Jones. 363 So.2d at 1081 n. 6.