385 So.2d 1058 (1980)
Dwight D. HOLT et al., Appellants,
v.
STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellee.
No. 79-1599.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
Rehearing Denied July 29, 1980.
Thomas A. Hoadley of Hoadley & Gavigan, P.A., West Palm Beach, and James M. Gann, Belle Glade, for appellants.
Harry A. Schroeder of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for appellee.
HERSEY, Judge.
State Automobile Mutual Insurance Company issued a policy of insurance to appellant Dwight D. Holt, which provided for uninsured motorist coverage (referred to in the policy as Family Protection Coverage) with limits of $15,000 for each person and $30,000 for each accident. Subsequently, appellants, Dwight D. Holt and Sumie Holt, his wife, and their daughters, Linda and Karen, suffered injuries in an automobile accident caused by the negligence of a third party. Appellants received from the negligent party's liability insurance carrier the policy limit of $30,000, which amount was apportioned among appellants in a manner not relevant to this appeal. Appellants filed a complaint to require compulsory arbitration of their claim against appellee under the uninsured motorist coverage in their own policy. It is from a final order dismissing this complaint with prejudice that appellants take this appeal.
The trial court concluded that since the appellants received the total amount of benefits available from the tort-feasor's liability insurance, the limits of which were $15,000 per person and $30,000 per accident, they were precluded from availing themselves of the benefits that would otherwise have been available under their own uninsured motorist coverage with identical limits. The final order of dismissal with prejudice was specifically based on the Florida Supreme Court's decision in Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978) and later cases applying the Dewberry rule.
We use the terms underinsured and uninsured as synonyms in this opinion since any distinction is not material to the issues here. The important differences between the two are considered and explained in Williams v. Hartford Accident and Indemnity Co., 382 So.2d 1216 (Fla. 1980).
In Dewberry, the insured sought benefits under his own uninsured motorist insurance for the death of his two sons resulting from an automobile accident. The liability insurance *1059 policy of the negligent third party contained policy limits of $15,000 for injuries or death sustained by one person and $30,000 for injuries or death sustained by all persons in a total accidental occurrence. The liability insurer paid the policy limits of $15,000 for each of the two sons. The Supreme Court held that since the policy limits of the uninsured motorist coverage were identical, that is, $15,000 per person and $30,000 per accident, the insurer was entitled to set off the available amounts of liability insurance against the uninsured motorist coverage, which effectively exhausted the latter coverage. The holding was based upon an interpretation of Section 627.727(1) Florida Statutes (1977), which provides in part:
... The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured ... under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle... .
The court described the theory of uninsured motorist coverage in the following language:
... [U]ninsured motorist coverage is meant to compensate the plaintiff for a deficiency in the tort-feasor's personal liability insurance coverage. Dewberry v. Auto-Owners Insurance Co., at page 1081.
By way of dicta the Supreme Court added the following:
To accept appellant's contention would require duplicating the benefits the appellant has received from the tort-feasor. Were benefits from the tort-feasor's liability coverage not available to the appellant, e.g., where the benefits under the tort-feasor's policy have been exhausted by payment of claims to persons other than the insured, then the appellant would be entitled to "excess over" the tort-feasor's liability coverage benefits, and the uninsured motorist coverage would then not duplicate the benefits received from the tort-feasor's coverage. Id. at 1081.
In Dewberry both of the insureds received exactly the same amount under the tort-feasor's liability coverage as they could have received under the applicable uninsured motorist coverage had the tort-feasor been uninsured. There were no third-party claims to diminish the availability of liability insurance.
In Jones v. Travelers Indemnity Company of Rhode Island, 368 So.2d 1289 (Fla. 1979), the applicable liability insurance limit was $15,000 per person, but because of the claims of third parties only $10,000 was available for Jones, whose minor child had been killed in an automobile accident. Jones had uninsured motorist coverage with a limit of $15,000 per person. The insurer was permitted to offset the $10,000 and Jones was entitled to recover the $5,000 difference between the amount collected from the tort-feasor and the limits of the uninsured motorist coverage.
The basic question before us is whether, in the event of multiple insureds whose combined recoveries exhaust the liability coverage of $30,000 per accident, the insurer is entitled to offset that $30,000 against the uninsured motorist coverage which has the same limit of $30,000, thus precluding any recovery under the latter coverage. This precise issue was not present in Dewberry; however, the court referred in that case to the philosophy underlying uninsured motorist coverage in the following language:
That theory is that uninsured motorist coverage is meant to compensate the plaintiff for a deficiency in the tort-feasor's personal liability insurance coverage. We agree. The statute was only intended to allow the insured the same recovery which would have been available to him had the tort-feasor been insured to the same extent as the insured himself. Supra at 1081.
In the instant case, had there been no liability insurance available, appellants would have been entitled to recover under their own uninsured motorist coverage the policy limits of $15,000 per person or $30,000 per accident, the latter being the operable ceiling *1060 here. As a matter of fact, appellants recovered $30,000 from the liability insurance carrier. They have therefore obtained "the same recovery which would have been available ... had the tort-feasor been insured to the same extent as the insured ..."
Under this test appellants are not entitled to recover under their uninsured motorist coverage.
It would be an exercise in semantics to suggest that since the injured wife and children are not "named" insureds they are third parties as that concept was developed in the Jones case, supra. Unless they are "insureds" they do not qualify for benefits under the uninsured motorist coverage. They may not be both insureds and excepted third parties.
We therefore affirm the final order dismissing the complaint with prejudice.
AFFIRMED.
DOWNEY, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
It appears to me that this case cannot be distinguished from the case of Jones v. Travelers Indemnity Company of Rhode Island, 368 So.2d 1289 (Fla. 1979). Under the holding in Jones, since each of the appellants had only a fraction of the tortfeasor's liability insurance benefits available to satisfy their claims, each should now be entitled to recover under their own policy of underinsured motorist coverage up to the cumulative policy limits of $30,000.00.