CAMPBELL, Judge.
The appellant, Wayne Hurley, appeals from a final judgment on the pleadings entered in favor of appellee, State Farm Mutual Automobile Insurance Co. We affirm the judgment of the trial court.
The appellant was a passenger in a vehicle driven by his father, Robert Hurley. The vehicle was involved in a collision with another vehicle driven by Kathleen Eveland and owned by Richard Fero.
At the time of the accident, the appellant was emancipated, married and a father of three children. He was not a resident of Robert Hurley’s household at any time material to this cause of action.
The vehicle driven by Kathleen Eveland was insured at the time of the accident with United Services Automobile Association (USAA) for $10,000 per person and $20,000 per accident.
The appellant’s parents filed claims for personal injuries against Kathleen Eveland and USAA. They received $19,600 from USAA. This left $400 in available insurance for the appellant.
Robert Hurley was insured with State Farm Mutual Automobile Insurance Co. for $10,000 per person and $20,000 per accident. This included uninsured motorist coverage which the parties admit covered the appellant as an additional insured. State Farm denied that the uninsured motorist coverage was applicable to the appellant’s claim, arguing that their liability coverage for uninsured motorists was equal to the coverage available under the tortfeasors USAA policy-
The appellant contends that he is entitled to underinsured motorist coverage from State Farm up to the limit of $10,000 exclusive of the $400 available from USAA, since State Farm had an uninsured motorist policy for $10,000 per person and USAA had only $400 in remaining coverage available to the appellant. We disagree with the appellant’s contention.
This court in Pulley v. Security Mutual Casualty Co., 412 So.2d 2 (Fla. 2d DCA 1981), relied on Holt v. State Automobile Mutual Insurance Co., 385 So.2d 1058 (Fla. 4th DCA 1980), petition for review dismissed, 394 So.2d 1152 (Fla.1981), which held that the appellants were not entitled to recover under their uninsured motorist coverage where the tortfeasor was insured in the same amount as the insured himself. We believe these two cases control the case sub judice.
The appellant is neither an uninsured nor an underinsured motorist. The appellee admitted that appellant was insured under his father’s insurance policy. The Holt and Pulley decisions state that where the insurance available to the appellant from his own carrier is equal to the coverage carried by the. tortfeasors, the appellant recovers nothing. Therefore, there is no coverage available to the appellant since Kathleen Eveland carried insurance equal in amount to the uninsured motorist coverage of Rob *1004 ert Hurley. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
BOARDMAN, A.C.J., and RYDER, J., concur.