OTT, Acting Chief Judge.
Appellant seeks review of the trial court’s order granting final summary judgment in favor of appellee and declaring that appellee was covered under the uninsured motorists coverage provision of an automobile insurance policy issued to her by appellant. We reverse, because we can find no meaningful distinction between the present case and Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla.1977); Porr v. State Farm Mutual Automobile Insurance Co., 452 So.2d 93 (Fla. 1st DCA 1984); Curtin v. State Farm Mutual Automobile Insurance Co., 449 So.2d 293 (Fla. 5th DCA 1984). We further find that appellee’s reliance on Lee v. State Farm Mutual Automobile Insurance Co., 339 So.2d 670 (Fla. 2d DCA 1976), is misplaced. While the provision under consideration here is similar to the provision which the Lee court struck as against public policy and void, 339 So.2d at 671, we find that the facts in the Lee case differ significantly from the present case. See also Reid, 352 So.2d at 1174; Hartford Accident & Indemnity Co. v. Fonck, 344 So.2d 595, 596 (Fla. 2d DCA 1977) (Lee involved two separate insurance policies and the “uninsured motor vehicle” which caused the injury in Lee was not the same vehicle as the “insured motor vehicle” named in the policy).
Accordingly, the trial court’s order which granted final summary judgment in favor of appellee is REVERSED.
DANAHY and LEHAN, JJ., concur.