475 So.2d 1370 (1985)
Dale Lee HARRISON, Individually, and Dale Lee Harrison, As Natural Father and Next Friend of Michele Harrison, a Minor, Appellant,
v.
METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Appellee.
No. 85-44.
District Court of Appeal of Florida, Second District.
October 4, 1985.
*1371 Roy B. Dalton, Jr. of Hurt, Parrish & Dalton, and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellant.
Steven A. Strickland of Walkley, Stuart & Macy, P.A., Tampa, for appellee.
LEHAN, Judge.
We affirm the trial court's summary judgment for defendant insurance company based upon the determination that no uninsured motorist coverage was available to plaintiff.
Plaintiff was injured while a passenger in the family car which was named as an insured vehicle under the policy issued by defendant and which was driven by plaintiff's wife. The policy contained a family exclusion provision that liability coverage would not be available for "bodily injury to you or any person related by ... marriage ... who resides in the same household as you... ." Also, for purposes of uninsured motorist coverage the policy provided that a vehicle is not uninsured if it is "a covered automobile or a non-owned automobile regularly furnished or available for use by you or any relative." Plaintiff contends that his wife was an uninsured motorist as a result of the family exclusion and that the foregoing restriction on uninsured motorist coverage is invalid. Notwithstanding what might appear to be a proscription in Lee v. State Farm Mutual Automobile Insurance Co., 339 So.2d 670 (Fla. 2d DCA 1976), against any restrictions on uninsured motorist coverage, the restriction involved here is valid because otherwise the family exclusion in the policy would be rendered meaningless. See Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977); United States Fidelity & Guaranty Co. v. Knight, 473 So.2d 287 (Fla. 2d DCA 1985).
For the same reason plaintiff is not entitled to uninsured motorist coverage on another automobile which was owned by plaintiff, was covered by the same policy, *1372 and was not involved in the accident. Also, as concluded in Reid under similar policy provisions defining uninsured vehicles, in this case a vehicle covered by the policy cannot be an uninsured motor vehicle for the purpose of uninsured motorist coverage even though it is, in fact, uninsured as to plaintiff's wife. 352 So.2d at 1173.
Affirmed.
GRIMES, A.C.J., and DANAHY, J., concur.