SHARP, Judge.
Allstate Insurance Company appeals from a final judgment confirming an arbitration award of damages, and attorney’s fees and costs to Dascoli. On May 1, 1983, Dascoli was injured while riding as a passenger in a Chevrolet van driven by his wife. At the time of the accident, the van was covered by a liability insurance policy issued by Allstate.[1] Arbitration determined that appellee’s wife was 90% negligent in causing the accident and that Das-coli was 10% negligent.
In addition, Allstate had issued a second business auto policy on a Dodge van also owned by Dascoli. This second policy provided uninsured motorist coverage which excluded: (1) any vehicle owned by the insured or any family member; and (2) bodily injury sustained by the insured while occupying a vehicle owned by the insured which was not covered under the policy. Both parties moved for declaratory judgments on the issue of coverage, based on the language of the insurance policies. The lower court held that liability coverage on the Chevrolet van was not available to appellee, but that appellee was entitled to recover under the uninsured motorist provisions of the Dodge policy. We affirm.
This case is controlled by our previous decisions in Boynton v. Allstate, 443 So.2d 427 (Fla. 5th DCA 1984) and Curtin v. State Farm Mutual Automobile Insurance Co., 449 So.2d 293 (Fla. 5th DCA 1984). The purpose of the uninsured motorist statute is to provide liability coverage to innocent parties.[2] Generally, an insurer may not limit the applicability of uninsured motorist protection.[3] In Boyn-ton, we held that a motor vehicle is uninsured if the motorist who caused the accident has no insurance coverage available for the protection of the injured party. A policy which, because of exclusions or statutory immunity, provides no coverage for a particular loss is tantamount to no insurance coverage at all. Boynton. Reid v. State Farm Fire and Casualty Co., 352 So.2d 1172 (Fla.1977) is not controlling because in Reid, both the liability insurance on the vehicle causing the injury and the uninsured motorist coverage were contained in the same policy. But, see, Harrison v. Metropolitan Property and Liability Insurance Company, 475 So.2d 1370 (Fla. 2d DCA 1985).
AFFIRMED.
DAUKSCH and COWART, JJ„ concur.

.This policy excluded coverage for damages suffered by family members while occupying any vehicle owned by insured or owned by any family member which was not a "covered auto” under the policy.

. Lee v. State Farm Mutual Auto. Ins. Co., 339 So.2d 670 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 954 (Fla.1977).

. Id.