479 So.2d 160 (1985)
William SMITH, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 84-2674.
District Court of Appeal of Florida, Second District.
November 13, 1985.
Rehearing Denied December 6, 1985.
*161 Jack D. Hoogewind, Ridge Manor, for appellant.
George A. McKendree of Miller, McKendree, Somers and Olsen, Tampa, for appellee.
RYDER, Chief Judge.
William Smith appeals from a final declaratory judgment in favor of State Farm, to the effect the uninsured motorist coverage under Smith's State Farm policy did not apply to Smith's auto accident of February 8, 1982. We reverse.
The accident in question involved Smith's vehicle and a car driven by one Douglas Daniels. Daniels, who was found to have been negligent in the accident, was insured by Aetna Insurance Company in the amount of $100,000.00 for both property damage and bodily injury. Smith had three State Farm policies whose combined uninsured motorist coverage amounted to $55,000.00 per injured claimant or $110,000.00 per occurrence. Aetna exhausted its coverage by paying Smith $3,132.00 for the damage to his vehicle and $96,868.00 to Smith's passenger for bodily injury. There was no remaining coverage to compensate Smith for his own bodily injury claim.[1]
As a result, Smith filed suit against State Farm, seeking a declaration as to what uninsured/underinsured coverage State Farm was required to afford him. The trial court found that Daniels' bodily injury coverage of $100,000.00 exceeded the limits of Smith's uninsured motorist coverage and, therefore, that Daniels was not an uninsured motorist as defined in section 627.727, Florida Statutes (1983). We disagree.
The Third District in State Farm Mutual Automobile Insurance Co. v. Diem, 358 So.2d 39 (Fla. 3d DCA 1978) and Del Toro v. Allstate Insurance Co., 360 So.2d 432 (Fla. 3d DCA 1978), construed section 627.727 to provide uninsured motorist benefits to an injured party whenever benefits under a tort-feasor's liability insurance policy are exhausted by the payment of claims to persons other than the insured. The Diem vehicle, containing four occupants, was struck by a car driven by one Adelaide Dowdell, whose policy limited recovery to $20,000.00 per accident. The Mellilos, passengers in the Diem vehicle, settled with Dowdell's insurer for $16,000.00, leaving only $4,000.00 available to compensate the Diems for their injuries. The district court held that the Diems were entitled to recovery under their uninsured motorist coverage up to that policy's limit of $15,000.00 per person or $30,000.00 per accident, offset by the benefits actually available to them from Dowdell's insurer. The facts in the Del Toro case are somewhat similar. There, the tort-feasor was covered up to $20,000.00 per incident. Due to the large number of victims/claimants, Del Toro received only a small sum as his percentage of the total award. Again, the district court held that Del Toro was permitted to recover from his own insurer up to the limit of his policy, discounted by the amount actually received (i.e., "available").
The holding in Diem was approved by the supreme court in Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978), and Jones v. Travelers Indemnity Company of Rhode Island, 368 So.2d 1289 (Fla. 1979). In Jones, 368 So.2d at 1290, the court stated:
[W]here the benefits under the tort-feasor's policy have been partially exhausted by payment of claims to persons other than the insured, then the insured is entitled to "excess over" the amount received from the tort-feasor's carrier up to the limits of the claim or the policy, whichever is less.
*162 Applying this formula to the case at bar, we find that the sum available to Smith from Daniels' policy is zero and that Smith is therefore entitled to compensation from his own carrier up to the policy limit of $55,000.00.
State Farm argues that this case should be controlled by our decision in Hurley v. State Farm Automobile Insurance Co., 438 So.2d 1002 (Fla. 2d DCA 1983). We are, however, able to distinguish Hurley. For this purpose, a brief review of the facts in Hurley is appropriate. At the time of the accident in question, the Hurley vehicle carried at least three persons, all of whom were injured: Robert Hurley, his wife and his son, Wayne, who was the appellant. The car was struck by one Kathleen Eveland, who was negligent and whose liability insurance policy provided maximum coverage of $10,000.00 per person or $20,000.00 per accident. Essential to our conclusion was the fact that Robert Hurley's uninsured motorist coverage carried the same limitations. The parties agreed that the appellant, Wayne Hurley, though no longer a member of Robert's household, was an additional insured under Robert's policy, another fact we consider crucial to the resolution of the case. The trial court in Hurley held that since the Hurley policy afforded no more uninsured motorist coverage than the amount available from Eveland's liability insurer, the appellant recovered nothing. We affirmed, partly on the authority of Holt v. State Automobile Mutual Insurance Co., 385 So.2d 1058 (Fla. 4th DCA 1980), whose appellants recovered from the tort-feasor all the money to which they would have been entitled under their own policy. In Holt and Hurley, though there were multiple claimants, in each case all were insureds under the same policy, whereas in Diem, Del Toro and the case at bar, there were third party claimants to whom the appellant's insurers owed nothing but whose awards diminished the amount available to the appellants from the tort-feasor's carriers.
In sum, uninsured motorist coverage is intended to compensate an injured party for deficiencies in a tort-feasor's personal liability coverage. Dewberry v. Auto-Owners Insurance Co. Because Daniels' coverage was deficient, Smith is entitled to recover for his bodily injuries from State Farm. The judgment of the trial court is hereby set aside and the matter remanded for further proceedings consistent with this opinion.
Reversed.
LEHAN and HALL, JJ., concur.
NOTES
[1] The parties stipulated that, under a single-limit policy, there may effectively be no bodily injury coverage if a large property damage claim is paid first.