507 So.2d 750 (1987)
AMICA MUTUAL INSURANCE CO., Appellant,
v.
Sylvan A. WELLS, etc., Appellee.
No. 86-843.
District Court of Appeal of Florida, Fifth District.
May 21, 1987.
*751 Reinald Werrenrath III, and Lora A. Dunlap, of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellant.
Daniel S. Wallace, Daytona Beach, for appellee.
UPCHURCH, Chief Judge.
This is an appeal from an amended partial summary judgment in favor of appellee, Sylvan Wells, as personal representative of the estates of Dan and Sondra Pickens, in an action to determine insurance coverage.
The Pickenes were killed in 1983 when their automobile ran off the road for no apparent reason. Amica maintained a policy of insurance on the automobile in which they were riding as well as two other cars owned by them. The personal representative maintained a liability claim for the death of each on the theory that one spouse (it had not been determined which spouse was driving) must have been negligent. These claims were denied by Amica. The personal representative then presented a claim for uninsured motorist coverage. Amica, in doubt as to its rights, filed a complaint seeking declaratory judgment that no uninsured motorist coverage existed for the death of either spouse. The personal representative answered and counterclaimed seeking a declaratory judgment that Amica provided liability or uninsured motorist coverage.
Amica argued that there was no liability coverage because the policy contained a family exclusion which barred claims between family members. It also contended that the vehicle involved was not an "uninsured vehicle" because the definition of uninsured motor vehicle excluded any vehicle owned by the insured or a family member. The personal representative argued that liability or uninsured motorist coverage or both were available and that the doctrine of interspousal immunity did not bar the Pickenes' claims.
The trial court entered partial summary judgment declaring that Amica's family exclusion clause was invalid and hence the Pickenes had liability coverage available to them. The court also found that the various vehicles owned by the Pickenes had been separately insured and hence if there were no liability coverage or if damages were in excess of liability limits, then they were entitled to uninsured motorist coverage under the policies insuring the other two vehicles. Amica appeals this judgment.
The first question is whether the trial court erroneously invalidated the family exclusion clause. This provision specifically excluded liability coverage for bodily injury to the named insured, the spouse of the named insured if a resident of the same household, and a person related by blood, marriage or adoption who was a resident of the same household. The Pickenes are within this provision.
In Reid v. State Farm Fire and Casualty Co., 352 So.2d 1172 (Fla. 1977), the Florida Supreme Court stated that as a general rule, in the absence of a statutory prohibition, provisions of automobile liability policies which excluded from coverage members of the insured's family or household are valid. In that case appellant had argued that the Florida Automobile Reparations Act prohibited the use of the family exclusion in automobile liability insurance policies. The court rejected this argument, noting that while it is within the *752 province of the legislature to prohibit all family-household exclusions in automobile liability insurance policies, it was not done by its enactment of the Automobile Reparations Act. Later, in Florida Farm Bureau Insurance v. Government Employees Insurance, 387 So.2d 932 (Fla. 1980), the Florida Supreme Court held that the Uniform Contribution Among Joint Tortfeasors Act did not prohibit family exlusion clauses and the court rejected the contention that these clauses were void as against public policy. The court noted that in addition to the policy reason stated in Reid (to protect the insuror from collusive suits between family members), insurance premiums may be established in part by reference to potential exposure to liability by insurance companies and may be lower when those most likely to be passengers in the automobile are expressly excluded from coverage.
In response, the personal representative points out that in those cases the parties were alive and therefore the policy reasons were still viable. In the present case, the parties are both deceased so there is no opportunity for collusion or a need to preserve family unity. He points to Dressler v. Tubbs, 435 So.2d 792 (Fla. 1983) and Brooks v. Sturiano, 497 So.2d 976 (Fla. 4th DCA 1986) to show that where the parties are deceased, the policy reasons for interspousal immunity no longer exist and the doctrine will not bar claims by the estate of the deceased. Both of these cases involved only the question whether spouses could sue each other in a tort action and not the construction of an insurance policy in a contract action. It should also be noted that the family exclusion has been upheld in a case where one party is deceased. In Linehan v. Alkhabbaz, 398 So.2d 989 (Fla. 4th DCA 1981), a one car accident killed the mother and injured her daughter who was driving at the time. They were residents of the same household. The Fourth District held that the principle in Reid was the same and supported a summary judgment in favor of State Farm.
The personal representative also contends that Florida's public policy, derived from the Financial Responsibility Law, chapter 324, prohibits the family exclusion clause. However, in Zipperer v. State Farm Mutual Insurance Co., 254 F.2d 853 (5th Cir.1958), the Fifth Circuit held that a family exclusion clause was not contrary to public policy of the State of Florida.
We agree and hold that the family exclusion clause in the insurance policy did not violate public policy. While the Financial Responsibility Law and the Florida Motor Vehicle No-Fault Law indicate a strong policy in assuring protection to innocent victims of automobile accidents, we think the reasons discussed above have equal weight and if such clauses are to be prohibited it should be by act of the legislature and not the courts.
The next question we address is whether the trial court erred in determining that uninsured motorist coverage was available. Although all insurance covering the three vehicles owned by the Pickenes was within a single document, the trial court found that there were three policies because an additional premium was calculated for each vehicle included. In Curtin v. State Farm Mutual Automobile Ins. Co., 449 So.2d 293 (Fla. 5th DCA 1984), petition for review dismissed, 496 So.2d 815 (Fla. 1986), the uninsured driver was not related to the owner although the vehicle involved in the accident was fully insured. The son of the owner was injured. The driver was not related and was not insured. This court held that while the uninsured motorist coverage on the involved vehicle was not available there was coverage under other policies. In Jernigan v. Progressive American Insurance Company, 501 So.2d 748 (Fla. 5th DCA 1987) this court encountered a similar factual situation as in Curtin, only the passenger was the owner. The court held that a clause which denied uninsured motorist coverage against an unrelated negligent driver for the reason that the involved vehicle was owned by the injured passenger was void as against public policy, thus doing away with the multiple policy distinction. In Fireman's Fund Insurance Co. v. Pohlman, 485 So.2d 418 (Fla. 1986), an *753 anti-stacking problem, the court held that the payment of an additional premium to upgrade a policy or to add coverage of another vehicle in effect created a new contract. While this may give some support to the personal representative's argument we do not think this controls. There is still the family immunity doctrine to contend with and we believe this still bars suits as between spouses. To recover the injured person must be "legally entitled to recover" and under Florida law a family exclusion clause in a policy is valid. In Allstate Insurance Company v. Dascoli, 477 So.2d 662 (Fla. 5th DCA 1985) the court held that a passenger who had been injured in a van driven by his wife could recover under a second policy on another vehicle also owned by Dascoli. That holding was quashed by the Florida Supreme Court 497 So.2d 1 (Fla. 1986) which held that the reasoning in Harrison v. Metropolitan Property and Liability Insurance Company, 475 So.2d 1370 (Fla. 2d DCA 1985) was applicable and controlled the disposition of the case. In Harrison, the court stated, "[t]he restriction involved here is valid because otherwise the family exclusion in the policy would be rendered meaningless." 475 So.2d at 1371, citing Reid. The court went on to state, "[a]lso, as concluded in Reid under similar policy provisions defining uninsured vehicles, in this case a vehicle covered by the policy, cannot be an uninsured motor vehicle for the purpose of uninsured motorist coverage even though it is, in fact, uninsured as to plaintiff's wife." 475 So.2d at 1372.
We therefore hold that neither liability nor uninsured motorist coverage was available to either spouse regardless of who caused the accident.
REVERSED.
DAUKSCH and COWART, JJ., concur.