575 So.2d 290 (1991)
Debra S. HARTLAND, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 90-1789.
District Court of Appeal of Florida, First District.
February 26, 1991.
John S. Fagan, Jacksonville, for appellant.
Harris Brown and Reginald Luster of Osborne, McNatt, Cobb, Shaw, O'Hara & Brown, Jacksonville, for appellee.
PER CURIAM.
The appellant was injured in an automobile accident while riding as a passenger in her own automobile. At the time of the accident, a friend of the appellant was driving the automobile with her permission. The appellant, who was a resident of her parents' household, sued the appellee, Allstate Insurance Company, under the uninsured motorist provisions of a policy of insurance issued by the appellee to her parents. The single Allstate policy designated *291 both the appellant's 1981 Plymouth automobile and her parents' 1981 Toyota automobile as insured vehicles. In her complaint, the appellant asserted that she was entitled to recover under the uninsured motorist provisions of the policy because she had been injured due to the negligence of her friend, who was uninsured. The appellee successfully defended the claim on two bases. First, the appellee argued that an award of uninsured motorist benefits under these circumstances would effectively defeat a "family exclusion" provision in the policy which excluded liability for injury to any family member residing with the insureds. Secondly, the appellee relied upon a policy provision which stated that an uninsured automobile could not be a vehicle defined as an insured automobile under the liability portion of the policy. On appeal, the appellant argues that she is entitled to uninsured motorist benefits under the policy coverage provided for her automobile and for her parents' automobile. We disagree, and affirm.
The exclusions from coverage relied upon by the appellee have been consistently upheld, and they have been applied to preclude coverage under circumstances very similar to those presented here. See Allstate Ins. Co. v. Dascoli, 497 So.2d 1 (Fla. 1986); Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172 (Fla. 1977); Allstate Ins. Co. v. Baker, 543 So.2d 847 (Fla. 4th DCA 1989), rev. denied, 554 So.2d 1167 (Fla. 1989); Amica Mut. Ins. Co. v. Wells, 507 So.2d 750 (Fla. 5th DCA 1987); and Harrison v. Metro. Property & Liab. Ins. Co., 475 So.2d 1370 (Fla. 2d DCA 1985). Accordingly, we affirm the trial court's determination that the appellant's injuries were not covered under the uninsured motorist provisions of the policy.
ERVIN, ALLEN and WOLF, JJ., concur.