MINER, Judge.
The appellees, Sandra, Michael, and Katherine Croakman, were injured in a one-car accident while riding as passengers in the Croakman family vehicle. The driver was a relative who did not reside with the Croakmans. The vehicle was insured by appellant, Allstate Insurance Company, on a policy issued to David Croakman, the husband and father of the injured appel-lees. After exhausting the driver’s liability coverage, appellees sought to collect under the uninsured/underinsured motorist (UM) provision of the Allstate policy.
We must reverse the trial court’s final declaratory judgment that permitted appellees to collect UM benefits. Where, as here, the policy contains a valid “family exclusion” to liability coverage, and the injured parties are within the exclusion, they cannot collect UM benefits under the same policy. Nor can appellees assert that their automobile, which is the insured vehicle under the policy, is “uninsured” under the terms of the policy’s UM provision. Brixius v. Allstate Insurance Co., 589 So.2d 236 (Fla.1991); Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977); Hartland v. Allstate Insurance Co., 575 So.2d 290 (Fla. 1st DCA 1991).
We must also reverse the award of ap-pellees’ attorneys’ fees which was dependent upon a judgment in their favor. Section 627.428(1), Fla.Stat. (1989). Accordingly, the trial court’s final declaratory judgment and order granting attorneys’ fees are REVERSED.
ZEHMER and WOLF, JJ., concur.