PER CURIAM.
Anushka Deville appeals from a final summary judgment entered in favor of Allstate, denying uninsured motorist coverage under her father’s automobile insurance policy. For the reasons that follow, we reverse.
The claimant was injured while a passenger in a vehicle driven by her father but owned by her father’s employer. Her injuries were substantial. She received the full liability policy limits from the employer’s insurer pursuant to its policy with Travelers Insurance and then claimed underin-sured motorist benefits from Allstate, her father’s insurer, under a completely separate insurance policy. Allstate denied coverage on the ground that the policy issued to the claimant’s father contained a household exclusion provision that precluded coverage for “bodily injury to any person related to a person insured by blood, marriage or adoption and residing in that person insured’s household.” The claimant sued Allstate, alleging that she was a “class 1” insured, defined in the policy as a relative residing in the named insured’s household. Allstate moved for summary judgment, arguing that the Florida Supreme Court’s decision in Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla.1977), controlled. In Reid, the claimant sought to have a vehicle declared both insured and uninsured under the same insurance policy. The court declined to do so, holding that an insured vehicle 'cannot become an uninsured vehicle simply because liability coverage was not available to a particular individual because of a household exclusion provision. Reid, 352 So.2d at 1173. However, the supreme court distinguished the case before it from a case in which the claimant had sought benefits under two separate insurance policies:
We have considered the recent case of Lee v. State Farm Mutual Automobile Ins. Co., 339 So.2d 670 (Fla.2d DCA 1976). That decision may be distinguished factually from the present case .because the “uninsured motor vehicle” which caused the injury in Lee was not the same vehicle as the “insured motor vehicle” named in the policy.
Reid, 352 So.2d at 1174, distinguishing Lee v. State Farm Mut. Automobile Ins. Co., 339 So.2d 670 (Fla.2d DCA 1976), cert. denied, 348 So.2d 954 (Fla.1977). In Lee, the second district held that a household exclusion did not bar recovery of uninsured motorist benefits for a claimant who was injured in a one-car accident while a passenger in a car owned and operated by his brother. The claimant was allowed to recover under the uninsured motorist provision of his father’s policy after his brother’s liability carrier denied coverage under the household exclusion. In a later decision, the second district explained Lee, stating that: “[I]n Lee this court was dealing with two separate policies. There, the teenager’s father had purchased the uninsured motorist protection for himself and his family, and we held the son must be afforded that protection.” Hartford Accident & Indem. Co. v. Fonck, 344 So.2d 595, 596 (Fla.2d DCA 1977), cert. denied, 359 So.2d 1214 (Fla.1978).
The same result obtains here for the same reasons. The car defined as the insured vehicle in the employer’s policy can be deemed uninsured (or, more specifically, underinsured) under the father’s Allstate policy. The owner of the vehicle was not insured under the Allstate policy; the owner’s limits of liability insurance under the Traveler’s policy were less than those in effect under the father’s Allstate uninsured/underinsured motorist policy. Furthermore, the concern expressed by the supreme court in Reid regarding collusive or over-friendly lawsuits simply does not apply in this case. Therefore, the household exclusion does not operate to deny the claimant underinsured motorist coverage.
Reversed and remanded for further proceedings consistent with this opinion.