BENTON, J.
We have consolidated appeals from two orders awarding attorneys’ fees in the same case below, orders predicated on section 627.428(1), Florida Statutes (2003) (“Upon the rendition of a judgment ... against an insurer and in favor of any ... insured ... the trial court ... shall adjudge ... [attorney’s fees] against the ... insurer.”). The lower court awarded fees after it entered declaratory judgment in case number 02-CA-94 against Essex Insurance Company, the appellant in each of these consolidated appeals.
We reversed the underlying declaratory judgment in Essex Ins. Co. v. Simpler and Burton, 30 Fla. L. 2005 WL 1682511 Weekly D77, — So.2d -, 2004 WL 2996790 (Fla. 1st DCA Dec.29, 2004) (concluding “that the policy issued to Simpler does not include coverage for the premises where Burton allegedly sustained her personal injuries”). We now reverse the fee awards based on the overturned judgment. See Allstate Ins. Co. v. Croakman, 591 So.2d 297, 298 (Fla. 1st DCA 1991) (“We must reverse the trial court’s final declaratory judgment that permitted appellees to collect ... benefits.... We must also [therefore] reverse the award of appellees’ attorneys’ fees which was dependent upon a judgment in their favor. Section 627.428(1), Fla.Stat. (1989).”).
Reversed.
BARFIELD and HAWKES, JJ., Concur.