358 So.2d 1128 (1978)
Richard BARLOW and Diane Barlow, Husband and Wife, Appellants,
v.
AUTO-OWNERS INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 76-2268.
District Court of Appeal of Florida, Fourth District.
May 9, 1978.
Rehearing Denied June 14, 1978.
John R. Young of Hamilton, James, Merkle & Young, West Palm Beach, for appellants.
Maureen L. McGill, Jose G. Rodriguez of Adams, Sullivan, Coogler, Watson & Smith, West Palm Beach, for appellee.
DAUKSCH, Judge.
Appellant was a passenger in a vehicle owned by himself and driven by John Lockwood. It is alleged Lockwood negligently drove the car in such a manner as to injure appellant. Since Lockwood personally has no insurance appellant seeks to recover from appellee as the insurer of his vehicle under the Uninsured Motor Vehicle Coverage. Section 627.727 Florida Statutes. The insurance policy says:
"Uninsured Automobile ... shall not include: (a) an automobile owned by or furnished for regular use to the named insured ..."
Appellant urges us to declare this provision in the insurance contract to be void as against public policy; particularly, Section 627.727(1):
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. However, the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage. When a vehicle is leased for a period of 1 year or *1129 longer and the lessor of such vehicle, by the terms of the lease contract, provides liability coverage on the leased vehicle in a policy wherein the lessee is a named insured or on a certificate of a master policy issued to the lessor, the lessee of such vehicle shall have the sole privilege to reject uninsured motorist coverage. Unless the named insured, or lessee having the privilege of rejecting uninsured motorist coverage, requests such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy when the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer. The coverage provided under this section shall be excess over, but shall not duplicate the benefits available to an insured under, any workmen's compensation law, personal injury protection benefits, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident. Such coverage shall not inure directly or indirectly to the benefit of any workmen's compensation or disability benefits, carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law.
This case appears to be rather close to our Reid v. Allstate, 344 So.2d 877 (Fla. 4th DCA 1977) and the Supreme Court's case Reid v. State Farm, 352 So.2d 1172, opinion filed October 31, 1977.[1] There appellant was injured as a result of the negligence of her sister who was driving a family car from the home in which both sisters resided. That appellant said she should be covered by Uninsured Motor Vehicle Coverage because she was subject to the "family-household exclusion" and therefore unprotected by the policy because of her relationship to the driver, owner and vehicle. We held and the Supreme Court agreed that the exclusionary language in that case is valid and not against public policy. As noted in Reid v. State Farm, supra, this case is distinguishable from Lee v. State Farm, 339 So.2d 670 (Fla. 2d DCA 1976) because only one policy is involved. See also Hartford Accident and Indemnity Company v. Fonck, 344 So.2d 595 (Fla. 2d DCA 1977).
We cannot distinguish this case from the two Reid, supra, cases and must affirm the trial court leaving any future remedy to the legislature.
AFFIRMED.
DOWNEY, C.J., and BURNSTEIN, MIETTE K., Associate Judge, concur.
NOTES
[1] Despite the different stylings of the cases, they are the same case. Allstate and State Farm were co-defendants.