501 So.2d 748 (1987)
Richard JERNIGAN, Appellant,
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellee.
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellant,
v.
Richard Jernigan, Appellee.
Nos. 85-1648, 85-1697.
District Court of Appeal of Florida, Fifth District.
February 5, 1987.
*749 Robert D. Keough, of Woolfolk, Estes & Keough, P.A., Orlando, for Jernigan.
David K. Wittek and William Patrick Fulford, of Wright & Fulford, P.A., Orlando, for Progressive American Ins. Co.
ORFINGER, Judge.
Progressive American Insurance Company (Progressive) appeals from a final judgment awarding Jernigan uninsured motorist benefits under his automobile policy. Progressive argues that the trial court erred when it declared an exclusion in the uninsured motorist coverage to be invalid. Jernigan appeals the order which had set aside the first final judgment entered in this case pursuant to Florida Rule of Civil Procedure 1.540(b) so that the same judgment could be re-entered with a later rendition date, thus effectively extending the time for Progressive to appeal. The Rule 1.540 motion was granted because the trial court found that no copy of the judgment had been furnished to Progressive's counsel after its entry, as required by Rule 1.080(h)(1). For the reasons given below, we affirm.
With respect to Jernigan's appeal, a motion under Rule 1.540(b) is addressed to the sound discretion of the trial court. Church v. Strickland, 382 So.2d 419 (Fla. 5th DCA 1980). We find no abuse in the exercise of that discretion in view of the specific finding that counsel for Progressive did not receive a copy of the judgment after its entry. See Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980).
On the merits, the parties have stipulated to the factual basis for the entry of the final judgment. Jernigan was riding as a passenger in a vehicle owned by him but driven by an uninsured friend. As a result of the driver's negligence, a one-car collision occurred in which the driver was killed and Jernigan was seriously injured. Jernigan then filed a claim for uninsured motorist benefits under his policy. The insurer denied coverage because of the following definition and exclusion in the policy:

*750 "Uninsured motor vehicle", however, does not mean a vehicle:
a. Owned by or furnished or available for regular use by you or a relative.
* * * * * *
Exclusions
This coverage does not apply to bodily injury sustained by a person:
1. While occupying a motor vehicle owned by you or a relative for which insurance is not afforded under this Part, or through being struck by the motor vehicle.
We agree with the court below that these provisions, which operate to deny the plaintiff benefits for his injuries under the facts of this case, are contrary to the public policy established by the legislature in section 627.727, Florida Statutes (1985).
We begin with the premise that any insurer who offers a motor vehicle liability insurance policy in this state is required by section 627.727, Florida Statutes (1985)[1] to offer uninsured motorist coverage. The purpose of uninsured motorist coverage, as stated by our supreme court, is "to protect persons who are injured or damaged by other motorists who in turn are not insured and cannot make whole the injured party." (Emphasis added). Brown v. Progressive Mutual Insurance Company, 249 So.2d 429, 430 (Fla. 1971). Exclusions in uninsured motorist policies which operate to deny the insured protection under these circumstances will be declared invalid. Mullis v. State Farm Automobile Insurance Company, 252 So.2d 229 (Fla. 1971); Curtin v. State Farm Mutual Automobile Insurance Company, 449 So.2d 293 (Fla. 5th DCA 1984); Lee v. State Farm Mutual Automobile Insurance Company, 339 So.2d 670 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 954 (Fla. 1977). Thus, we must determine whether the uninsured motorist policy provided by Progressive is faithful to this stated purpose, or whether its provisions attempt to deny coverage in circumstances where the legislature has mandated uninsured motorist coverage.
Under every uninsured motorist policy issued in Florida, an insured is entitled to uninsured motorist benefits where (1) he has been injured by an uninsured motor vehicle and (2) he is "legally entitled to recover" from the operator of the uninsured motor vehicle. Allstate Insurance Company v. Boynton, 486 So.2d 552 (Fla. 1986). In Boynton, the supreme court held that the test for determining whether a vehicle is insured for purposes of uninsured motorist coverage, is not whether the owner or operator of the vehicle has a liability insurance policy, but whether insurance is available to the injured plaintiff. Thus, the fact that a vehicle may be covered by some policy is not sufficient; the policy must provide coverage for the injured plaintiff in that particular circumstance. Boynton, 486 So.2d at 555. Although the vehicle causing the plaintiff's injury in this case was insured for liability, that insurance was not available to Jernigan because he could not recover from himself on his own liability policy. It is agreed that the driver of the vehicle was not insured. Thus, as to the plaintiff in this particular circumstance, there was no liability insurance available to him. Finally, there is no question that the plaintiff would have been legally entitled to recover from the negligent driver who caused his injury. There was no statutory or common-law bar to recovery. Thus, because the plaintiff was injured by the operator of an uninsured motor vehicle against whom he was legally entitled to recover, Progressive was required to make available uninsured motorist benefits.
*751 The insurer argues strenuously that a vehicle cannot be both insured and uninsured under the same policy, citing to Reid v. State Farm Fire and Casualty Company, 352 So.2d 1172 (Fla. 1978). While that principle is applicable in some cases, in the light of Boynton, we question its continued application in cases where no family exclusion or other bar to recovery is involved. In support of this rule, the Reid court cited to two cases, Taylor v. Safeco Insurance Company, 298 So.2d 202 (Fla. 1st DCA 1974) and Centennial Insurance Company v. Wallace, 330 So.2d 815 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1087 (Fla. 1976). Both these cases held that where a vehicle is insured to the extent of the law, it could not be considered "uninsured" simply because the insurance policy might not be available to a particular injured party. However, this reasoning has been replaced by the supreme court's pronouncement in Boynton that a vehicle is insured in the context of uninsured motorist coverage only where the insurance in question is available to the particular plaintiff.[2]Boynton, 486 So.2d at 555. Clearly, under the Boynton definition of an "uninsured vehicle," a vehicle can be insured and uninsured under the same policy. The definition of uninsured motor vehicle in the present policy is contrary to the Boynton test. The exclusion in the policy before us operates to deny the plaintiff coverage in a circumstance where he has been injured by the negligence of an unrelated operator of a vehicle as to which no liability insurance is available. Thus, to the extent that these policy provisions have denied the plaintiff protection for injuries caused by an uninsured motorist, we must declare them invalid as contrary to the public policy expressed in section 627.727, Florida Statutes.
We believe that this conclusion is consistent with the holdings of Reid and its more recent reaffirmance in Allstate Insurance Company v. Dascoli, 497 So.2d 1 (Fla. 1986).[3] In both Reid and Dascoli, the plaintiffs were attempting to recover under an uninsured motorist coverage held by their spouses, for injuries sustained while riding in a family vehicle. Valid exclusions in the liability policies prevented recovery by family members. Both the Reid and Dascoli decisions recognized that to permit recovery under the uninsured motorist policy in this circumstance would render the family exclusion meaningless.[4] The result of declaring these uninsured motorist exclusions invalid would be to expose the insurer to the same threat of fraud and collusion that would be present if family members were permitted to recover under the liability policy. See Reid, 352 So.2d at 1174; Curtin, 449 So.2d at 296. More importantly, in both these cases, even if the family vehicles could have been considered uninsured vehicles, the plaintiffs were not entitled to uninsured motorist benefits because the doctrine of interspousal immunity prevented them from being "legally entitled to recover" from their negligent spouses. See Simon v. Allstate Insurance Company, 496 So.2d 878 (Fla. 4th DCA 1986). In the present case however the plaintiff was not injured by a family member. Neither did the policy exclude liability coverage for injuries caused by friends of the insured. Thus, declaring the uninsured motorist exclusion invalid does not defeat any valid liability exclusion. The plaintiff *752 is legally entitled to recover from the operator of the motor vehicle which caused his injury. Accordingly, under Boynton, the insurer is required by law to provide uninsured motorist benefits to its insured. For these reasons, we affirm the trial court's judgment.
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] Section 627.727, Florida Statutes (1985) states:

No motor vehicle liability insurance policy shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. [Emphasis added].
[2] We note that the Boynton court expressly disapproved Centennial Insurance Company v. Wallace, 486 So.2d 554, n. 4.
[3] We do note that our holding is contrary to the holding of Barlow v. Auto Owners Insurance Company, 358 So.2d 1128 (Fla. 4th DCA 1978), but this decision predated Boynton. Harrison v. Metropolitan Property and Liability Insurance Company, 475 So.2d 1370 (Fla. 2d DCA 1985), approved in Dascoli, also involved the family exclusion.
[4] only break in the phalanx of cases requiring that uninsured motorist coverage parallel the theoretical liability coverage of the uninsured motorist has been the family member and fellow employee exclusions in cases involving one insurance policy on the automobile involved in the accident.
Curtin, 499 So.2d at 296. See also State Farm Mutual Automobile Insurance Company v. Workman, 421 So.2d 660 (Fla. 3d DCA 1982) (Schwartz, J., concurring).