*885 ON MOTION FOR REHEARING
James Bryan was having his van serviced when an uninsured employee of the Caprice Vans service department backed the vehicle down a service ramp, striking and injuring Mr. Bryan. Bryan sought recovery under the uninsured motorist provision of his policy with GEICO. GEICO refused payment on grounds that because the vehicle is insured it cannot also be an uninsured motor vehicle even though it does not provide coverage to Bryan on these facts, citing Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla.1978). We rejected the same reasoning in State Farm Mut. Auto. Ins. Co. v. Workman, 421 So.2d 660 (Fla. 3d DCA 1982), holding instead:
The focus of our inquiry [is] whether the injury for which a claim is made is covered by liability insurance, rather than a general inquiry into whether some kind of insurance covered, for some purpose, the automobile involved in the accident.
The family-household exclusion, on which Reid turned, is not involved here.
The judgment on the pleadings is reversed and the cause is remanded to the trial court with instructions to enter a judgment declaring Bryan covered by the uninsured motorist provisions of the policy.