549 So.2d 1191 (1989)
Jill BRIXIUS and Robert A. Brixius, Her Spouse, Appellants,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 89-00307.
District Court of Appeal of Florida, Second District.
October 13, 1989.
*1192 Lisa A. Jayson and John P. Joseph of L.D. Beltz & Associates, St. Petersburg, for appellants.
Bard D. Rockenbach and David J. Abbey of Fox & Grove, Chartered, St. Petersburg, for appellee.
LEHAN, Judge.
In this declaratory judgment suit plaintiff appeals from a summary judgment denying uninsured motorist coverage. Plaintiff was injured while a passenger in a motor vehicle which she owned, which was insured by appellee, and which was driven by an uninsured friend. On the theory that plaintiff was uninsured because the policy excluded liability coverage for injuries sustained by a named insured, plaintiff contends that she is entitled to uninsured motorist coverage under the same policy. In denying uninsured motorist coverage, the trial court applied a policy provision which provided that an uninsured auto is not a vehicle defined as an insured auto under the liability portion of the policy.
We affirm. Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1978).
As the parties appear to agree, Jernigan v. Progressive American Insurance Co., 501 So.2d 748 (Fla. 5th DCA 1987), would require a reversal in the case at hand. However, we decline to follow Jernigan and acknowledge our conflict with that case. We respectfully disagree with the apparent conclusion in Jernigan to the effect that Allstate Insurance Co. v. Boynton, 486 So.2d 552 (Fla. 1986), effectively overruled Reid under circumstances like those in this case by in effect defining a motor vehicle as uninsured for uninsured motorist coverage purposes if no insurance is available to the injured plaintiff. See 486 So.2d at 555.
We do not necessarily disagree with the reasoning set forth in Jernigan which supports the position that Boynton should have overruled Reid in these circumstances. See Allstate Insurance Co. v. Dascoli, 497 So.2d 1 (Fla. 1986), which approves the reasoning of this court in Harrison v. Metropolitan Property & Liability Insurance Co., 475 So.2d 1370 (Fla. 2d DCA 1985). But Boynton specifically distinguishes, and in effect reaffirms, Reid in the following language:
Allstate, citing Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977), asserts in its brief that a valid exclusion in a liability policy does not make a vehicle uninsured for uninsured motorist purposes. In Reid, we held that a vehicle cannot be both an insured and uninsured vehicle under the same policy. The present case is distinguishable because it involves separate policies. Reid is inapplicable.
486 So.2d at 555 n. 5. That language, in our view, distinguishes Boynton from Jernigan and from the case at hand.
We find no merit in plaintiff's additional contention on appeal.
Affirmed.
CAMPBELL, C.J., and SCHOONOVER, J., concur.