562 So.2d 837 (1990)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Joan PALACINO, Appellee.
No. 87-3279.
District Court of Appeal of Florida, Fourth District.
June 13, 1990.
*838 James K. Clark of Barnett, Clark & Barnard, Miami, for appellant.
Michael J. Kaplan of Spellacy & McFann, P.A., Fort Lauderdale, for appellee.
EN BANC.
WARNER, Judge.
State Farm Mutual Automobile Insurance Company appeals from a summary final judgment finding that uninsured motorist coverage existed for the benefit of appellee, Joan Palacino, for injuries she sustained in a one-car accident. Palacino was riding as a passenger in an automobile owned by her and insured by State Farm. A friend of Palacino was operating the vehicle at the time of the accident. In an action for declaratory judgment, the trial court found in favor of Palacino on the authority of Jernigan v. Progressive American Insurance Company, 501 So.2d 748 (Fla. 5th DCA), rev. denied, 513 So.2d 1062 (Fla. 1987). We, however, reverse on the basis of Reid v. State Farm Fire and Casualty Co., 352 So.2d 1172 (Fla. 1978) and Barlow v. Auto Owner's Insurance Co., 358 So.2d 1128 (Fla. 4th DCA 1978).
Jernigan, which is factually indistinguishable from the present case, relied on Allstate Ins. Co. v. Boynton, 486 So.2d 552 (Fla. 1986), in which the supreme court held that the test for determining whether a vehicle is insured for purposes of uninsured motorist coverage is not whether the owner or operator of the vehicle has a liability policy but whether insurance is available to the injured plaintiff. Under the policy in Jernigan there was liability coverage afforded on the vehicle even though it did not cover Jernigan for the subject accident. The Fifth District held that the vehicle was uninsured under the Boynton standard. The court then determined that Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172 (Fla. 1977), which stands for the often cited proposition that a vehicle cannot be both insured and uninsured on the same policy, was applicable only in cases involving policies containing a family exclusion. However, the supreme court in Boynton distinguished Reid as follows:

Allstate, citing Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977), asserts in its brief that a valid exclusion in a liability policy does not make a vehicle uninsured for uninsured motorist purposes. In Reid, we held that a vehicle cannot be both an insured and uninsured vehicle under the same policy. The present case is distinguishable because it involves separate policies. Reid is inapplicable.
Boynton, 486 So.2d at 555, n. 5. Thus, the principle enunciated in Boynton is applicable where there are two separate policies, not where exclusions and coverage are being considered under the same policy, as is the case here.
Under identical facts in Barlow, 358 So.2d 1128, this court held no uninsured motorist coverage was available, citing Reid as authority. Until the supreme court clarifies whether Allstate v. Boynton has overruled Reid under these circumstances, we rely on our own precedent and Reid. In Brixius v. Allstate Ins. Co., 549 So.2d 1191 (Fla. 3d DCA 1989) the Second District has come to the same conclusion as we do here. As that court did, we too certify conflict with Jernigan.
Reversed and remanded.
DOWNEY, ANSTEAD, GLICKSTEIN, GUNTHER and GARRETT, JJ., concur.
*839 HERSEY, C.J., concurs specially with opinion.
STONE, J., dissents with opinion in which LETTS, DELL, WALDEN and POLEN, JJ., concur.
HERSEY, Chief Judge, concurring specially.
At the public policy level the dissenters here and the court in Jernigan v. Progressive American Ins. Co., 501 So.2d 748 (Fla. 5th DCA), rev. denied, 513 So.2d 1062 (Fla. 1987), have adopted the more progressive and, in my view, the better position on the main issue involved in these cases. The difficulty, it seems to me, is that neither the legislature nor our supreme court has empowered us to adopt that position.
In Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172 (Fla. 1977), application of an exclusion from coverage of "any member of the family of an insured residing in the same household as the insured" was expressly approved by our supreme court. The plaintiff in that case argued that if she was barred from claiming under the liability coverage by the resident family member exclusion then she was entitled to recover under the uninsured motorist coverage of the policy. The fallacy in that argument, held the court, was its failure to give effect to another provision of the policy, that an "uninsured motor vehicle" may not be the vehicle defined in the policy as the insured motor vehicle. Explained the court: "In other words, her father's car can not be an uninsured motor vehicle under the terms of the policy, even though, as we held in the first appeal, it is in fact uninsured as to her." Id. at 1173.
The effect of this latter holding was not diluted by the opinion in Allstate Ins. Co. v. Boynton, 486 So.2d 552 (Fla. 1986). In that case there were two insurance policies involved (and two insureds). The vehicle which inflicted the injuries was NOT "the vehicle defined in the policy [under which uninsured motorist coverage was claimed] as the insured motor vehicle." Thus, Boynton has no effect on Reid.
Until the legislature prohibits this clause in Florida insurance contracts, or until the supreme court declares it invalid as against the public policy in favor of greater availability of uninsured motorist coverage, I believe we have no other alternative than to enforce the clause as written.
Accordingly, I reluctantly concur in reversing the judgment on appeal.
STONE, Judge, dissenting.
Given the policy of this state regarding protection of an insured's right to uninsured motorist coverage, we should look closely at any effort by an insurer to avoid coverage where there is otherwise applicable uninsured motorist protection. Forcing the insured to forfeit uninsured motorist protection against the driver's negligence would inhibit insureds from utilizing the services of another, even a friend, as a driver of the insured vehicle when the insured is incapacitated, intoxicated or otherwise unable to drive. Applying the principle that a vehicle cannot be both insured and uninsured under the same policy, in this case, deprives the insured of the benefit of uninsured/underinsured motorist protection against the negligence of a driver who is not a member of her family or household. Such a result is contrary to the principle followed in Allstate Ins. Co. v. Boynton, 486 So.2d 552 (Fla. 1986). I note that this court decided Barlow v. Auto-Owners Ins. Co., 358 So.2d 1128 (Fla. 4th DCA 1978), followed in the majority opinion, prior to the supreme court opinion in Boynton. I would follow Jernigan. See also Sapienza v. Security Ins. Co. of Hartford, 543 So.2d 845 (Fla. 4th DCA), rev. denied, 557 So.2d 867 (1989); Bryan v. Government Employees Ins. Co., 545 So.2d 884 (Fla. 3d DCA 1989).