ON REHEARING
POLEN, Judge.
We grant appellants’ motion for rehearing in order to correct some of the language appearing in our opinion Smith v. Valley Forge Insurance Company, 15 FLW D1744 (Fla. 4th DCA July 5, 1990), which is hereby withdrawn. We adhere to our affirmance and substitute the following opinion.
Appellants seek review of the trial court’s final summary judgment which determined that due to exclusions in her policy, appellee Valley Forge Insurance Company (Valley Forge) did not provide uninsured motorist coverage for an accident in which Mrs. Smith was injured while a passenger in her own automobile. We affirm.
This accident occurred when Mrs. Smith’s adult daughter, not residing with the Smiths, who neither had liability insurance nor owned a car, was driving Mrs. Smith home from a restaurant in Mrs. Smith’s car. Mrs. Smith’s Valley Forge insurance policy provided liability and uninsured motorist (UM) coverage. The trial court found coverage was precluded by exceptions under both provisions. Mrs. Smith contends that the policy’s UM family car exclusion was not valid and therefore could not preclude coverage.
UM coverage provides a limited form of coverage which exists for the sole purpose of providing a source of financial responsibility for the uninsured tortfeasor. Allstate v. Boynton, 486 So.2d 552, 557 (Fla.1986); Race v. Nationwide Mutual Fire Insurance Co., 542 So.2d 347 (Fla.1989). Policy exclusions attempting to restrict UM coverage available to the insured have been invalidated by numerous decisions beginning with Mullis v. State Farm Mutual *613 Automobile Insurance Co., 252 So.2d 229 (Fla.1971). The sole exception to this rule was the family/household exception found valid in Reid and its progeny. Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla.1978). In Reid, the court opined the family/household exclusion from liability coverage upheld the UM family car exclusion. The family car, defined in the policy as the insured vehicle, was the same vehicle which appellant, under the UM policy provisions, claimed to be the uninsured vehicle. The car did not become uninsured because liability coverage was unavailable to a particular individual. Reid, 352 So.2d at 1173.
In the instant case liability coverage was unavailable under the policy’s family exclusion provisions. The UM provisions provide that a vehicle is not uninsured if it is “owned by or furnished or available for the regular use of you or any family member.” The trial court found this exclusion precluded coverage and further determined that the primary case relied upon by Smith, Jernigan, was inapplicable, as the negligence therein was caused by an uninsured friend of the family rather than a family member. Jernigan v. Progressive American Insurance Company, 501 So.2d 748 (Fla. 5th DCA), rev. denied, 513 So.2d 1062 (Fla.1987). We agree. We find no merit in appellants' additional contentions on appeal. Therefore, we affirm based on Reid and our recent en banc opinion State Farm Mutual Automobile Insurance Company v. Palacino, 562 So.2d 837 (Fla. 4th DCA 1990).
Appellee’s response to the motion for rehearing makes reference to the recent supreme court four/three decision in Valiant Insurance Co. v. Webster, 567 So.2d 408 (Fla.1990). Valiant reiterates the oft-stated premise that with regard to a particular accident, a policy of automobile insurance cannot deny liability coverage and at the same time provide uninsured motorist coverage. However, Valiant arises out of a wrongful death action where the policy claimant was the father of the child who died in the automobile accident. Further, Valiant did not involve a family household exclusion clause, nor did it make specific reference to Jernigan. In that our en banc opinion in Palacino noted possible conflict with the fifth district’s decision in Jerni-gan, we also note possible conflict here, and further grant that portion of appellants’ motion which seeks to have the question certified to the supreme court:
WHERE AN INSURED UNDER AN AUTOMOBILE POLICY PROVIDING LIABILITY AND UNINSURED MOTORIST COVERAGE IS A PASSENGER IN THE INSURED VEHICLE, BEING DRIVEN BY AN ADULT CHILD NOT A RESIDENT OF THE HOUSEHOLD, WHO OWNS NO VEHICLE AND IS UNINSURED, SUSTAINS INJURIES BY VIRTUE OF THE DRIVER’S NEGLIGENCE, IS THE INJURED PARTY PRECLUDED FROM OBTAINING UM BENEFITS UNDER THE HOLDING OF REID V. STATE FARM FIRE & CASUALTY CO, 352 SO.2D 1172 (FLA.1978)?
ANSTEAD and GLICKSTEIN, JJ., concur.