569 So.2d 1337 (1990)
The TRAVELERS INSURANCE COMPANIES, Appellant,
v.
Charles M. CHANDLER, II, Appellee.
No. 90-1117.
District Court of Appeal of Florida, First District.
November 9, 1990.
R. William Roland and Mary L. Wakeman, of McConnaughhay, Roland, Maida, Cherr & McCranie, P.A., Tallahassee, for appellant.
Karen O. Emmanuel and Erick M. Drlicka, of Emmanuel, Sheppard & Condon, Pensacola, for appellee.
ERVIN, Judge.
Travelers Insurance Companies (Travelers), in its appeal from a summary final judgment entered against it, argues that the trial court erred in ruling that appellee was entitled to recover underinsured motorist (UM) benefits from it on the theory that the automobile in which appellee, Charles Chandler, was injured qualified as an uninsured or underinsured motor vehicle, as defined in Section 627.727(3)(b), Florida Statutes (1985),[1] notwithstanding that the limits of coverage for both bodily injury liability (BIL) and UM were identical under the policy from which appellee sought recovery. Although we disagree *1338 with the trial court's reasoning, we nonetheless affirm because we are of the view that the definition of uninsured motor vehicle in the policy is broader than that provided in the statute. Therefore, in that appellee's damages exceed the BIL limits furnished in the policy, appellee is entitled to UM benefits.
The parties stipulated to the following facts: Chandler, while a passenger in a car owned by Joan E. Williams which was insured under a policy Travelers issued to James R. and Joan E. Williams, was injured in a one-car accident on May 27, 1986, resulting in damages to Chandler exceeding $300,000. The policy insuring the automobile provided BIL coverage in the amount of $300,000 for each occurrence and UM coverage of $300,000 for each accident. Pursuant to a settlement agreement, Travelers paid $240,000 in BIL benefits to Chandler and an additional $60,000 in such benefits to another passenger injured in the same accident, thereby exhausting the limits of BIL coverage provided under the policy. Thereafter Chandler brought an action against Travelers for payment of UM benefits in the amount of $60,000, in that his damages were in excess of the amount of the BIL benefits made available to him. Travelers denied coverage on the ground that it had no obligation to pay UM benefits because the limits of BIL coverage under the policy were not less than those provided for UM, and therefore the automobile in which Chandler was injured failed to meet the statutory definition of an uninsured or underinsured motor vehicle. Both parties filed motions for summary judgment. The lower court denied Travelers' motion and granted Chandler's, holding that he was entitled to recover $60,000 in UM benefits from Travelers on the ground that the automobile in which he was injured was an uninsured motor vehicle, as defined in Section 627.727(3)(b), in that the BIL benefits furnished him were less than the limits of UM coverage, and Chandler's damages exceeded the limits of BIL coverage.
We do not agree with the trial court's determination that the vehicle involved in the accident complies with the statutory definition of an uninsured or underinsured motor vehicle. The applicable statute does not define an uninsured motor vehicle as one in which the available BIL benefits are less than the bodily injuries suffered. On the contrary, the statute explicitly requires that the BIL limits be less than the UM limits afforded. In that the limits for both coverages were identical under the policy, the vehicle involved in the accident cannot be considered either uninsured or underinsured. See Shelby Mut. Ins. Co. of Shelby, Ohio v. Smith, 556 So.2d 393, 396 (Fla. 1990) ("Unless there is an uninsured motor vehicle, there can be no UM coverage.").
Nevertheless, we do not consider that the definition in section 627.727 controls the issue of Chandler's entitlement to UM benefits, because the 1986 endorsement to the policy provides its own definition of uninsured motor vehicle. The endorsement defines an uninsured motor vehicle as a vehicle "to which a bodily injury liability insurance policy or bond applies at the time of the accident, but the limits are less than the total damages for bodily injury or death resulting from the accident."[2] (Emphasis added.) Thus, by the very terms of the policy, the automobile in which Chandler was injured was an underinsured motor vehicle, because the $300,000 BIL limits were less than the total damages for bodily injury suffered by Chandler, stipulated as being in excess of $300,000. As Florida law does not preclude an insurer from offering greater coverage than is statutorily required, see Universal Underwriters Ins. Co. v. Morrison, 15 F.L.W. S552, S553 (Fla. Oct. 18, 1990) (on rehearing), we conclude that the terms of the policy control, and Chandler was therefore entitled to UM benefits under the policy.
Travelers also argues, however, that because another provision in the policy excludes the motor vehicle in question from *1339 the definition of an uninsured motor vehicle,[3] Chandler is disentitled to UM benefits. We cannot agree. UM coverage is required by section 627.727(1) to be provided to all persons who are insured under a policy for basic liability coverage. Valiant Ins. Co. v. Webster, 567 So.2d 408, 409-10 (Fla. 1990); Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla. 1971); Auto-Owners Ins. Co. v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984). Exclusions to UM coverage are not enforceable if the injured person is covered by the BIL provisions of the policy. Mullis, 252 So.2d at 233-34.[4]
In the instant case, Chandler was indisputably covered under the BIL provisions of the policy, in that he received $240,000 in such benefits. Therefore, in accordance with Mullis, any attempt to bar him from UM coverage would be contrary to public policy. See, e.g., Auto-Owners Ins. Co. v. Queen, 468 So.2d 498 (Fla. 5th DCA 1985) (daughter, who was covered under BIL provision of mother's policy, but excluded under UM provision because she owned a car, was entitled to UM coverage, and any attempt to limit that coverage was void); Auto-Owners Ins. Co. v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984) (son, who was insured for BIL under his father's policy, was also covered for UM benefits under the same policy and any exclusion to the contrary was void); State Farm Mut. Auto. Ins. Co. v. Workman, 421 So.2d 660 (Fla. 3d DCA 1982) (because daughter was afforded liability coverage while operating a non-owned vehicle under her father's policy, the insurer could not deny UM coverage to her). Compare Valiant Ins. Co. v. Webster, 567 So.2d 408 (Fla. 1990) (because son was not covered by father's insurance policy for BIL, he was not entitled to claim UM coverage under that policy); Brixius v. Allstate Ins. Co., 549 So.2d 1191 (Fla. 2d DCA 1989) (plaintiff, who was injured while a passenger in a motor vehicle that she owned, which was driven by an uninsured friend, was not entitled to UM coverage, because the policy excluded BIL coverage for injuries sustained by the named insured), review pending, 557 So.2d 866 (Fla. 1990); Allstate Ins. Co. v. Baker, 543 So.2d 847 (Fla. 4th DCA) (daughter was not entitled to benefits under her parents' policy, because household exclusion precluded her from recovering BIL benefits, and insuredvehicle exclusion barred her from recovering UM benefits), review denied sub nom. Denisco v. Allstate Ins. Co., 554 So.2d 1167 (Fla. 1989); Harrison v. Metropolitan Property & Liability Ins. Co., 475 So.2d 1370 (Fla. 2d DCA 1985) (because policy exclusion for BIL to family member denied coverage to plaintiff, exclusion for insured car under UM coverage provision was also enforceable).
AFFIRMED.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] Section 627.727(3)(b) defines an uninsured motor vehicle to include any insured motor vehicle when the liability insurer "[h]as provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under uninsured motorist's coverage applicable to the injured person." (Emphasis added.)
[2] This definition is very similar to the recently amended definition of uninsured motor vehicle found in Section 627.727(3)(b), Florida Statutes (1989).
[3] The policy excludes as an uninsured motor vehicle "your [the insured's] car," defined in part as "any vehicle described on the declarations page of this policy with premium charges showing which coverages apply." The declarations page of the policy both described the vehicle in which Chandler was injured and assigned premium charges for the various coverages.
[4] We note that the legislature recently amended section 627.727 so as to allow insurers to offer policies containing certain limitations on UM coverage, provided the insurer satisfies certain notice requirements. See § 627.727(9), Fla. Stat. (1989). And see Carbonell v. Automobile Ins. Co. of Hartford, Conn., 562 So.2d 437 (Fla. 3d DCA 1990). No contention has been made in the instant case that the notice provisions of the statute were complied with.