589 So.2d 236 (1991)
Jill BRIXIUS, et vir, Petitioners,
v.
ALLSTATE INSURANCE COMPANY, Respondent.
No. 75026.
Supreme Court of Florida.
October 3, 1991.
Rehearing Denied December 12, 1991.
Lisa A. Jayson and Steven C. Ruth of L.D. Beltz & Associates, St. Petersburg, for petitioners.
David J. Abbey and Elizabeth G. Repaal of Fox & Grove, Chartered, St. Petersburg, for respondent.
Timothy C. McHugh, Tampa, amicus curiae for Academy of Florida Trial Lawyers.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, amicus curiae for Florida Ass'n for Ins. Review.
Norman A. Coll and Michael J. Higer of Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, amicus curiae for Nat. Ass'n of Independent Insurers.
PER CURIAM.
We have for review Brixius v. Allstate Insurance Co., 549 So.2d 1191 (Fla. 2nd DCA 1989), because of conflict with Jernigan v. Progressive American Insurance Co., 501 So.2d 748 (Fla. 5th DCA), review denied, 513 So.2d 1062 (Fla. 1987). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and approve the decision below.
Petitioner, Jill Brixius, sought to recover uninsured motorist benefits from Allstate for injuries she received while a passenger in a motor vehicle owned by her, but which *237 was driven by an uninsured friend. Brixius took the position that because the Allstate policy covering the vehicle excluded liability coverage for injuries sustained by a named insured, the vehicle was uninsured as to her and, therefore, under this Court's decision in Allstate Insurance Co. v. Boynton, 486 So.2d 552 (Fla. 1986), she was entitled to uninsured motorist coverage under the same policy. The trial court entered summary judgement in favor of Allstate.
On appeal, the Second District Court of Appeal affirmed the summary judgment, relying on this Court's decision in Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977). In Reid, the plaintiff sought a judgment against State Farm for injuries received while a passenger in an automobile owned by her father and driven by her sister. On review, this Court upheld the denial of coverage based on a family-household exclusion in the liability portion of the policy. 352 So.2d at 1173. We also rejected Reid's contention that if there was no liability coverage due to the family-household exclusion, she was entitled to uninsured motorist coverage under the same policy. In doing so, we adopted the reasoning of the district court that to hold otherwise would completely nullify the family-household exclusion. Id. at 1173-74.
The relevant policy provisions in the instant case are substantially the same as those upheld in Reid. Liability benefits were not available to Brixius because under the policy, liability coverage "does not apply to liability for bodily injury to you or any resident of your household related to you by blood, marriage or adoption" (emphasis added).[1] Uninsured motorist benefits were denied based on the following provision in the uninsured motorist portion of Brixius' policy: "an uninsured auto is not a vehicle defined as an insured auto under the liability portion of this policy."
In affirming the summary judgment in this case, the district court below acknowledged that its decision was in conflict with the Fifth District Court of Appeal's decision in Jernigan. As in this case, the plaintiff in Jernigan was injured while a passenger in a vehicle owned by him but driven by an uninsured friend. Because the driver was uninsured and Jernigan could not recover under his own liability policy, he sought uninsured motorist benefits under the same policy. The Fifth District affirmed a final judgment awarding Jernigan uninsured motorist benefits. Relying on this Court's decision in Boynton, the Jernigan court reasoned that "the test for determining whether a vehicle is insured for purposes of uninsured motorist coverage, is not whether the owner or operator of the vehicle has a liability insurance policy, but whether insurance is available to the injured plaintiff." 501 So.2d at 750.
In rejecting the Fifth District's conclusion in Jernigan that "[c]learly, under the Boynton definition of an `uninsured vehicle,' a vehicle can be insured and uninsured under the same policy," 501 So.2d at 751, the district court below recognized that in Boynton, we specifically recognized the viability of Reid in footnote 5 of that opinion by noting:
Allstate, citing Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977), asserts in its brief that a valid exclusion in a liability policy does not make a vehicle uninsured for uninsured motorist purposes. In Reid, we held that a vehicle cannot be both an insured and uninsured vehicle under the same policy. The present case is distinguishable because it involves separate policies. Reid is inapplicable.
486 So.2d at 555 n. 5. See also Allstate Ins. Co. v. Dascoli, 497 So.2d 1 (Fla. 1986).
We agree with the court below that this case is controlled by Reid. It should be noted that since our decision in Reid the legislature has not amended section 627.727, Florida Statutes (1987), to require uninsured motorist benefits be provided an insured when liability benefits are unavailable because of a valid liability exclusion in the same policy under which uninsured motorist benefits are sought. Even the Jernigan *238 court recognized the viability of Reid in a situation where allowing recovery of uninsured motorist benefits would defeat a valid liability exclusion contained in the same policy. 501 So.2d at 751. See also Hartland v. Allstate Ins. Co., 575 So.2d 290 (Fla. 1st DCA 1991).
Accordingly, we approve the decision of the district court below and disapprove the decision of the Fifth District Court of Appeal in Jernigan to the extent it conflicts with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, GRIMES and HARDING, JJ., concur.
McDONALD and KOGAN, JJ., dissent with separate opinions, in which BARKETT, J., concurs.
McDONALD, Justice, dissenting.
With all due respect, we are approving the wrong decision involved in the conflict. Jernigan v. Progressive American Insurance Co., 501 So.2d 748 (Fla. 5th DCA), review denied, 513 So.2d 1062 (Fla. 1987), should receive our stamp of approval. Clearly, cogently, and equitably Jernigan explains why the family-exclusion provision should not stand or be applied when a family member is injured by the negligent operation of a family vehicle by a nonfamily member. The majority opinion doggedly, but inappropriately, applies Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977), to a state of facts not found in Reid and in a circumstance contrary to the public purpose of uninsured motorist coverage.
Being unable to persuade the majority of the soundness of Jernigan, I respectfully request that the Florida Legislature look at this issue.
BARKETT, J., concurs.
KOGAN, Justice, dissenting.
Uninsured motorist coverage is an integral part of this state's system of no-fault automobile insurance. It is "mop up" insurance that covers losses occasioned by the fact that other motorists failed to obtain insurance covering their own negligence. The legislature expressly has stated that the purpose of uninsured motorist coverage is
for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.
§ 627.727(1), Fla. Stat. (1987). Accord Allstate Ins. Co. v. Boynton, 486 So.2d 552 (Fla. 1986).
The central policy, in other words, is at the very heart of the no-fault concept. Injured parties are discouraged from clogging the courts with minor traffic-injury cases; and they simultaneously are given a swift, sure method of covering their own losses. No-fault itself is undermined precisely to the extent that these policies are undercut. I can only conclude that the majority opinion unnecessarily undercuts these policies and, hence, the foundations of no-fault insurance itself.
There may be reasons for allowing enforcement of certain types of exclusionary clauses expressly limiting uninsured motorist coverage in circumstances consistent with public policy.[2]E.g., § 627.727(9), Fla. Stat. (1987) (naming some such circumstances); Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172 (Fla. 1977) ("family exclusion"). However, I do not believe this assumption requires the conclusion that motorists can be denied coverage simply because they were injured by an uninsured driver using their own cars.
An exclusion of this type, which was embodied in the Brixius' policy, is so directly contrary to the policies of no-fault and the uninsured motorist statute as to be void on its face. It is nothing less than allowing insurance companies to exclude coverage for certain classes of vehicles that happen to be driven by uninsured motorists. With *239 only slight extension, insurance companies might be allowed to exclude uninsured motorist coverage for specific types of vehicles deemed to be particularly risky. In time, the exception would swallow the rule. Such a result would render uninsured motorist coverage an absurdity, and the statute meaningless.
The line must be drawn, and I would draw it here. The policy of uninsured motorist coverage is to protect policy holders from injuries caused by uninsured motorists. This policy and the policies underlying no-fault insurance cannot be achieved if insurers can exclude any class of vehicles from uninsured motorist coverage. Other types of exclusions may be permissible, but not this one. Unlike the majority, I agree with the court in Jernigan v. Progressive American Insurance Co., 501 So.2d 748, 750 (Fla. 5th DCA), review denied, 513 So.2d 1062 (Fla. 1987), when it concluded that
the test for determining whether a vehicle is insured for purposes of uninsured motorist coverage, is not whether the owner or operator of the vehicle has a liability insurance policy, but whether insurance is available to the injured plaintiff.
It makes no difference that injured parties happen to hold the same insurance policies they are claiming against.
I respectfully dissent.
BARKETT, J., concurs.
NOTES
[1] Brixius did not seek benefits under the liability portion of her policy; nor did she challenge application of the family-household exclusion in this case.
[2] Of course, I am not now considering the validity of any types of exclusionary clauses other than the one before the court. This is a question I do not reach, because it is unnecessary to this opinion.