591 So.2d 926 (1992)
Dorothea SMITH, et vir., Petitioners,
v.
VALLEY FORGE INSURANCE COMPANY, etc., Respondent.
No. 76749.
Supreme Court of Florida.
January 2, 1992.
Sharon L. Wolfe of Cooper, Wolfe & Bolotin, P.A., and Donna B. Michelson of Albert A. Gordon, P.A., Miami, for petitioners.
Betsy E. Gallagher of Kubicki, Draper, Gallagher & McGrane, P.A., Miami, and Law Offices of J. Robert Miertschin, Jr., Hollywood, for respondent.
HARDING, Justice.
We have for review Smith v. Valley Forge Insurance Co., 566 So.2d 612, 613 (Fla. 4th DCA 1990), where the Fourth District Court of Appeal certified the following question to be one of great public importance:

*927 WHERE AN INSURED UNDER AN AUTOMOBILE POLICY PROVIDING LIABILITY AND UNINSURED MOTORIST COVERAGE IS A PASSENGER IN THE INSURED VEHICLE, BEING DRIVEN BY AN ADULT CHILD NOT A RESIDENT OF THE HOUSEHOLD, WHO OWNS NO VEHICLE AND IS UNINSURED, SUSTAINS INJURIES BY VIRTUE OF THE DRIVER'S NEGLIGENCE, IS THE INJURED PARTY PRECLUDED FROM OBTAINING UM BENEFITS UNDER THE HOLDING OF REID V. STATE FARM FIRE & CASUALTY CO., 352 So.2d 1172 (FLA. 1978)?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the certified question in the affirmative, and approve the decision below.
Dorothea Smith (Smith) was injured in a car accident while a passenger in her own automobile. The automobile was driven by Smith's adult daughter who did not reside with Smith and who neither owned a car nor had liability insurance. Smith's insurance policy provided both liability and uninsured motorist coverage. The trial court found that the liability and uninsured motorist provisions contained exceptions which precluded coverage for Smith. Consequently, the trial court granted summary judgment to Valley Forge Insurance Company (Valley Forge). On appeal, the district court affirmed the summary judgment for Valley Forge based upon this Court's decision in Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977), and the Fourth District Court's en banc opinion in State Farm Mutual Automobile Insurance Co. v. Palacino, 562 So.2d 837 (Fla. 4th DCA 1990). The district court noted possible conflict with Jernigan v. Progressive American Insurance Co., 501 So.2d 748 (Fla. 5th DCA 1987), and also certified the question for this Court's review.
In Reid, this Court upheld the validity of a family-household exclusion in liability coverage. Additionally, the Court recognized that the family-car exclusion in the uninsured motorist coverage was not against public policy because "[t]o hold otherwise in this case would completely nullify the family-household exclusion." 352 So.2d at 1174. The insurance policy at issue in Reid provided that an "uninsured motor vehicle" may not be the vehicle defined in the policy as the insured vehicle. Id. This Court stated that by the terms of the policy the vehicle was insured, and it did not become uninsured because liability coverage was not available to a particular individual. Id. at 1173.
In Brixius v. Allstate Insurance Co., 589 So.2d 236 (Fla. 1991), we addressed a situation similar to the one in the instant case. Brixius involved a woman who was injured while a passenger in her own vehicle which was driven by an uninsured friend. In that case, we recognized that Reid was controlling, and determined that the policy did not entitle the injured woman to uninsured motorist coverage. Id. at 237. We also disapproved Jernigan to the extent that it conflicted with Brixius. Id.
In the policy at issue in this case, the definition of an uninsured motor vehicle excludes any vehicle that is "owned by or furnished or available for the regular use of you or any family member." Based upon both Reid and Brixius, we find that this provision precludes uninsured motorist coverage for Smith under the circumstances presented.
Accordingly, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT and KOGAN, JJ., concur in result only.