650 So.2d 1082 (1995)
Brett Allan WARREN, Personal Representative of the Estate of Dianna Lynn Warren, Deceased, Appellant,
v.
The TRAVELERS INSURANCE COMPANY and The Phoenix Insurance Company, Appellees.
No. 93-2716.
District Court of Appeal of Florida, First District.
February 21, 1995.
*1083 James H. White, Jr. of Stsats, White & Clarke, Panama City, for appellant.
R. William Roland and Patricia H. Malono of McConnaughhay, Roland, Maida, Cherr & McCranie, P.A, Tallahassee, for appellees.
PER CURIAM.
As personal representative of the estate of Dianna Lynn Warren, Brett Allan Warren asks us to reverse summary final judgment entered in favor of Travelers Insurance, Company (Travelers) and Phoenix Insurance Company (Phoenix) on a complaint seeking uninsured motorist benefits. The estate has already recovered bodily injury liability benefits on the same policy in an amount equal to the policy limits. Even so we agree with appellant that precedent mandates reversal. We certify the question as one of great public importance.
Dianna Warren died from injuries sustained on May 5, 1990, while a passenger in an automobile involved in a single-vehicle accident. Owned by Edward Chancey, the car was driven by his daughter, Celeste Chancey Bryant, who was also killed. As personal representative, Mr. Warren sought recovery for his wife's injuries and wrongful death on the theory that they resulted from the negligent operation and/or negligent maintenance of the automobile, which was insured by Travelers under a policy Mr. Chancey had purchased from Phoenix.
The estate settled with appellees for the liability coverage policy limits of $50,000, but reserved all claims for benefits under the uninsured motorist provisions of the policy. On behalf of the estate, Mr. Warren then filed the present complaint for declaratory judgment, seeking uninsured motorist benefits. The trial court entered summary judgment in favor of appellees, holding, as a matter of law, that the estate could not recover under both the liability and uninsured motorist provisions of the same policy. This appeal followed.
Appellant contends that, because Mrs. Warren was an "insured" within the policy meaning of that term, her estate is entitled to recover uninsured motorist benefits. An "uninsured motor vehicle" is defined under the policy[1] as a vehicle "to which a bodily injury liability insurance policy or bond applies at the time of the accident, but the limits are less than the total damages for bodily injury or death resulting from the accident." Appellees concede that Mrs. Warren was an "insured" under the policy,[2] but respond that there can be no recovery beyond the liability benefits already paid because the policy also provides that "an uninsured motor vehicle does not mean ... `your car,'" where "your car" is the vehicle insured under the policy and named on the declarations page. On this basis, appellees argue that the motor vehicle involved in the accident was not "uninsured."
Citing Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229, 233-34 (Fla. 1971), this court decided: "Exclusions to [uninsured motorist] coverage are not enforceable if the injured person is covered by the [bodily injury liability] provisions of the policy." Travelers Ins. Co. v. Chandler, 569 So.2d 1337, 1339 (Fla. 1st DCA 1990). Although Mullis did not address the propriety of allowing recovery of liability and uninsured motorist benefits under the same policy, we believe the Chandler decision controls here.
Appellees cite Reid v. State Farm Fire and Casualty Company, 352 So.2d 1172 (Fla. 1977) and its progeny for the proposition that a vehicle may not be both insured and uninsured under a single policy. But these cases support only the narrower proposition that, *1084 where a valid policy exclusion bars recovery of liability benefits (and the policy excludes the insured vehicle from the definition of an uninsured vehicle), an injured person may not claim that the vehicle is uninsured as to herself so as to recover uninsured motorist benefits in lieu of liability benefits. Reid, 352 So.2d at 1173-74; see also Smith v. Valley Forge Ins. Co., 591 So.2d 926 (Fla. 1992); Brius v. Allstate Ins. Co., 589 So.2d 236 (Fla. 1991). Unlike Chandlerr, these opinions do not consider the validity of the "your car" exclusion from uninsured motorist coverage where an injured person is entitled to recover liability benefits under the same policy.
Accordingly, we reverse the summary judgment below and remand for further proceedings. We also certify the following question to our supreme court as one of great public importance:
MAY AN INJURED PERSON WHO IS ENTITLED TO RECOVER BODILY INJURY LIABILITY BENEFITS, BUT WHOSE DAMAGES EXCEED THE POLICY LIMIT FOR LIABILITY COVERAGE, ALSO RECOVER UNDER THE SAME POLICY FOR UNINSURED MOTORIST BENEFITS, WHERE THE POLICY EXCLUDES THE INSURED VEHICLE FROM ITS DEFINITION OF "UNINSURED VEHICLE?"
JOANOS, WOLF and BENTON, JJ., concur.
NOTES
[1] Section 627.727(3)(b), Florida Statues (1989), provides a similar definition of an uninsured motor vehicle: "[it] shall include an insured motor vehicle where the insurer has provided 1. ts of bodily injury liability which are less than the total damages sustained by a person legally entitled to recover damages."
[2] The policy provides: "Anyone else while occupying your car if the occupancy is (or was reasonably believed to be) with your permission ... is also an insured."