COBB, Judge.
This appeal concerns a determination of insurance coverage in regard to a single vehicle accident. MacNitt was a passenger in a 1988 Jeep Comanche truck jointly-owned by her and her boyfriend, Matthews, with whom she lived. Matthews was driving the Jeep when it went off the road, rolled over, and collided with a tree. Matthews was killed and MacNitt was injured.
MacNitt sued the Estate of Matthews and, by stipulation, the coverage issues were submitted separately to the trial court. Both Matthews and MacNitt were named insureds on the policy issued by State Farm which covered the Jeep. An exclusion in that policy prohibited named insureds from recovering under the liability portion of the policy. Since MacNitt was a named insured, she was clearly excluded from liability coverage under the Jeep policy. MacNitt also made an uninsured motorist claim against State Farm under the Jeep policy, however, an uninsured vehicle could not include the vehicle insured under the liability portion of the policy.
At the time of his death, Matthews also owned a 1985 Pontiac Grand Am automobile, also insured by State Farm. Matthews was the only named insured on the Pontiac policy.
After hearing and argument, the trial court determined that both liability and uninsured motorist coverage were available to MacNitt under the Pontiac policy, but there was no coverage at all under the Jeep policy. State Farm has appealed the trial court’s determination that there was coverage available to MacNitt under the Pontiac policy. Although MacNitt purported to cross-appeal the denial of coverage under the Jeep policy, she has submitted no argument to support the cross-appeal in her brief.
We agree with State Farm in all respects. There is no liability coverage for MacNitt under the Pontiac policy because the Pontiac was not involved in the accident. There is no uninsured motorist coverage available to her under the Pontiac policy because she was not an insured under the terms of that policy, either Class I or Class II. See Government Employees Ins. Co. v. Douglas, 654 So.2d 118 (Fla.1995); Mullís v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla.1971). Moreover, the Jeep was not an uninsured vehicle at the time of the accident.
The trial court was correct in finding that there was no coverage for MacNitt under the Jeep policy. By the very terms of the policy, the Jeep itself could not be an uninsured motor vehicle. See Brixius v. Allstate Ins. Co., 589 So.2d 236 (Fla.1991). Clearly, MacNitt, as a named insured under the Jeep policy, was expressly excluded from liability coverage under that policy — and such exclusions are valid and enforceable. Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172 (Fla.1977).
Accordingly, we affirm the trial court’s determination in respect to the absence of coverage for MacNitt under the Jeep policy; we reverse the trial court’s summary judgment in favor of MacNitt on the issues of liability and uninsured motorist coverage under the Pontiac policy, and remand for entry of a final judgment for State Farm and the Estate in respect to the Pontiac policy.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF FINAL JUDGMENT FOR THE APPELLANTS/CROSS-APPELLEES.
PETERSON, C.J., and DAUKSCH, J., concur.