## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 14011. Department One. January 31, 1918.]

## E. T. CLARK, *Respondent*, v. GERLINGER MOTOR CAR COMPANY, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. On trial *de novo* on appeal, objections to testimony are immaterial, if enough testimony remains to support the findings.

PRINCIPAL AND AGENT—EMPLOYMENT — CONTRACT — LIABILITY. A local agent for the sale of automobiles to be delivered to him "as soon as possible" cannot recover for traveling expenses and loss of time in preparing for his work, where no deliveries were made owing to the default of the·manufacturer, whose performance was not guaranteed, the contract expressly excepting liability for loss in that behalf.

SAME—RIGHTS OF AGENT—RETURN OF DEPOSIT. A local agent for the sale of automobiles whose employment was terminated by the inability of the manufacturer to deliver any cars, may recover from the selling agent appointing him the amount of his deposit put up as a guaranty for his faithful performance of the contract.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 2, 1916, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Modified.

*M. W. Seitz* and *Earle & Steinert,* for appellant.

*E. L. Skeel* and *W. M. Whitney,* for respondent.

FULLERTON, J.—On September 12, 1912, the appellant, Gerlinger Motor Car Company, of Portland, Ore-

[1] Reported in 170 Pac. 142.

gon, as the Pacific Coast selling agent of the Warren Motor Car Company, of Detroit, Michigan, entered into a contract with the plaintiff, E. T. Clark, of Seattle, Washington, by which it appointed him agent or subdealer for certain counties in the state of Washington. The contract provided, among other things, that it was to run for a period of one year; that the respondent should use his best endeavors to sell the cars of the Warren Motor Car Company in the territory allotted to him; that he should provide ample facilities for proper handling, repairing and adjusting at reasonable prices cars sold within his territory; and that he should keep on hand in good condition for exhibition and demonstration at least one model of the manufacturer's latest model cars. It was further provided that deliveries to the respondent should be made "when the production will permit, subject, however, to the prior order of other subdealers, and delays occurring by reason of strikes and floods, fire, failure of contractors to deliver parts to the manufacturer, and other cause beyond the control of the manufacturer, whether occurring in the plants of the manufacturer or in the concerns from which it purchases parts."

At the time of the execution of the contract, the respondent deposited with the appellant the sum of $700, of which the sum of $300 was to be applied on the purchase price of three cars, an order for which was given at that time, and the balance of $400 was to be retained as a guaranty for the faithful performance of the contract by the respondent. The orders given for the three cars provided in terms that delivery should be made "as soon as possible," and these orders were at once forwarded to the manufacturer with a like request. No cars were ever delivered to the respondent under the contract, because of the default, as the trial court found, of the manufacturer. The respondent in

the meantime, however, had rented and fitted up a building in preparation for the receipt of cars, had devoted considerable time to such preparations, and had expended other sums in traveling over his district in preparation for his work.

When the respondent found that the contract could not be carried out, he was able to save himself from loss on account of the rental of the building by subletting it, but suffered a loss on account of time expended and money paid in traveling, and for these sums, together with amount of his deposit, he made a demand upon the appellant. The demand was refused, whereupon he brought the present action for the sum demanded. The cause was tried below before the court sitting without a jury, and resulted in a judgment in favor of the respondent for the sum of $700, the amount deposited, for $300 compensation for loss of time, and for $25 expended in traveling. This appeal followed.

The appellant objected to much of the evidence offered by the respondent, and devotes a large space in its brief in an endeavor to show that the evidence was improperly admitted. But since the cause was tried by the lower court without a jury and, in consequence, is triable *de novo* on the record in this court, and since no question is made as to the costs allowed or to be allowed, the objection is material only on the question whether, after objectionable evidence is eliminated, enough remains to justify the conclusion reached by the trial court. But we shall not enter upon a review of the record. It is sufficient to say that our examination of it convinces us that there must be a modification of the judgment.

We can find no justification for a recovery for the time employed in the furtherance of the business or for money expended in traveling. We agree with the

trial court that the failure to carry out the contract was due to the default of the manufacturer of the cars, by whom they were to be supplied. The appellant did not undertake to guarantee performance by the manufacturer. On the contrary, as we read the contract, it expressly excepted itself from liability arising from losses in this behalf, and since the losses for time put in and for money expended arose directly from this cause, it is not recoverable in an action brought against the appellant.

On the other hand, we are clear that the respondent was entitled to recover the deposit. This was placed in the possession of the appellant as a guaranty that the respondent would perform his part of the contract. There was, it is true, no performance on the part of the respondent, but the default was not caused by any neglect or miscarriage of his; it arose from the acts of another who was unable or unwilling to do what the parties contemplated in the contract it would do. There was thus a failure of the consideration for the deposit, and the law implies a promise on the part of the person with whom it was deposited to return it.

A counterclaim was pleaded by the appellant, and complaint is made because no recovery was allowed upon it. But we cannot think the evidence justifies a recovery. The principal facts relating to it are in dispute between the parties, and, as we read the record, they do not preponderate against the trial court's conclusion.

The judgment is reversed, and the cause remanded with instructions to render a judgment in favor of the plaintiff below for the amount of the deposit, with interest from the date of the demand for its return.

ELLIS, C. J., MAIN, PARKER, and WEBSTER, JJ., concur.