[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT AETNA'S MOTION FOR SUMMARY JUDGMENT
In October of 1990, the defendant, Aetna Casualty Surety Co. (Aetna), filed a motion for summary judgment. The court (Aronson, J.) denied the motion on procedural grounds. At that time motions to cite in additional parties were pending, and the pleadings were not closed.
All attorneys now agree that there is no impediment for the court to consider and decide the Motion for Summary Judgment of October 1990.
This is a negligence action arising out of a two car automobile accident occurring on September 20, 1987. The plaintiff Alan Nokes, was a passenger in a vehicle owned and operated by John Bourgoin, the named insured of the defendant Aetna.
The entire amount of Bourgoin's liability coverage was $300,000 (Three Hundred Thousand Dollars). This amount has been exhausted in the payment of personal injury claims brought by the plaintiff Nokes against Bourgoin, and another individual injured as a result CT Page 10400 of the accident.
In this case, Nokes claims that he is a covered person under the uninsured motorist provisions of the Bourgoin policy.
Under the uninsured motorist provisions of the Bourgoin policy, three vehicles are insured for limits of $300,000 (Three Hundred Thousand Dollars) per vehicle or an aggregate of $900,000 (Nine Hundred Thousand Dollars) of uninsured motorist coverage.
The plaintiff, Nokes, contends that he is entitled to make a claim against this uninsured motorist coverage of $900,000 (Nine Hundred Thousand Dollars), on the basis that the $300,000 (Three Hundred Thousand Dollars) coverage under the liability policy has been exhausted.
The defendant, Aetna, has denied coverage on the basis that the Bourgoin vehicle was not an "uninsured motor vehicle." Aetna contends that the term "uninsured motor vehicle is defined in the Bourgoin policy to exclude any vehicle owned by the named insured — Bourgoin. Aetna recites Part C of its policy which states: "an uninsured motor vehicle does not include any vehicle owned by or furnished or available for the regular use of you or any family member."
The defendant Aetna now seeks a summary judgment claiming that the policy exclusion in the Bourgoin policy precludes payment of any underinsured claim to Nokes.
The issue in this case is whether, within the language of the Bourgoin policy, a guest in the insured vehicle may stack the underinsurance coverage on top of the negligent host's liability insurance coverage. Our answer is yes.
Nokes claims that, although he was a passenger in the Bourgoin car, he was neither the insured nor a family member of Bourgoin as he interprets the policy. Nokes claims therefore that since he does not fit within the class excluded from coverage, he must be entitled to underinsured payment on his claim.
C.G.S. section 38-175a obligates the insurance Commissioner for the state to adopt regulations with regard to minimum provisions to be included within CT Page 10401 insurance policies including uninsured motorist coverage.
C.G.S. sec. 38-175a requires every motorist insurance policy to provide uninsured and underinsured motor vehicle coverage.
The insurance Commissioner has promulgated Conn. Agencies Regulations sec. 38-175a-6(c)(2)(A) which states, "(t)he insurer's obligation to pay may be made inapplicable . . . if the uninsured motor vehicle is owned by the named insured . . ."
Courts in a number of jurisdictions have held that a policy definition of an uninsured or underinsured motor vehicle which excludes a vehicle owned by an insured is a valid policy exclusion. Myers v. State Farm Mutual Auto Insurance Co., 336 N.W.2d 288, 292
(Minn. 1983); Millers Casualty Insurance Co. v. Briggs,100 Wash.2d 1, 8 (March, 1983). Barlow v. Auto-Owners Insurance Co., 358 So.2d 1128 (Fla.App. 1978). Such an "uninsured motorist limitation does not `deny' coverage to passengers, it merely limits passengers to the amount of coverage provided by the general liability coverage, Briggs, 100 Wash. 2d at 8. The fact that the liability coverage does not fully compensate the victim does not change the conclusion that public policy allows such an exclusion. Id. at 8.
The balance between liability coverage and underinsured coverage on an owner's vehicle is aptly described in Millers Casualty Insurance Co. v. Briggs,100 Wash.2d 1, 665 P.2d 891 at 895 (1983), which stated, (t)he owner of a vehicle purchases liability insurance to, among other things, protect passengers, in the vehicle from his, or another driver's, negligent driving. He purchases underinsured motorist coverage to protect himself and others from damages caused by another vehicle which is underinsured. An insured wishing to avoid personal liability and protect his passenger, may simply increase the liability insurance."
We recognize that an insured wishing to avoid personal liability may increase his or her liability insurance. Id. However, this is a matter of contract between the insured and his insurance carrier. As to a guest in the insured vehicle, such as Nokes, no such contractual relationship exists. CT Page 10402
In the Bourgoin policy, Bourgoin had contractually excluded himself and member of his family from underinsured coverage on the insured vehicle. From a contractual standpoint, no other class of passenger in the insured vehicle has been excluded from the benefits of such underinsured coverage.
When we analyse the language of the Bourgoin policy, as claimed by Nokes and Aetna, we see that the policy initially excluded from coverage under Part C of the policy dealing with uninsured motorist coverage, a vehicle owned by the named insured.[1] In this instance, the name insured was Bourgoin.
The definition of "Uninsured motor vehicle" was expanded upon by endorsement to the Bourgoin policy which added to the definition of "Uninsured motor vehicle" item 5. Item 5 of the endorsement for the first time, defined an underinsured motor vehicle. The endorsement then went on to replace the exclusion section as follows:
 B. We do not provide Uninsured Motorist Coverage for bodily injury sustained by: 1. The named insured shown in the Declarations or family members when occupying . . . an underinsured motor vehicle . . . owned by the named insured." (Emphasis added).
It is significant to note that before the amendment to the policy defining an underinsured motor vehicle, the policy excluded coverage when the uninsured motor vehicle was owned by the named insured. However, in defining an "underinsured motor vehicle," the language of the exclusion was dramatically changed to exclude only the named insured and members of his family when occupying the underinsured vehicle, and not other classes of persons occupying the underinsured vehicle such as the plaintiff Nokes.
Nothing in Conn. Agency Regulation sec. 38-175a-G(C)(2)(A) mandates that an uninsured motor vehicle owned by the named insured must be excluded from coverage. This regulation merely authorizes the insurer to make such an exclusion if it so desires.
In Aetna had wished to exclude a motor vehicle owned by the name insured from underinsured coverage, rather than the class of people occupying such vehicle, a simple policy exclusion could have been CT Page 10403 made. We are constrained to interpret the Bourgoin policy to sustain coverage and cover the loss of Nokes. See Griswold v. Union Labor Life Insurance Co.186 Conn. 507, 513 (1982).
Accordingly, defendant's motion for summary judgment is denied.
ARNOLD W. ARONSON, JUDGE